# McLeod, *et al. v.* McLeod.

*Bill to Set Aside and Annul a Conveyance for Fraud and Undue Influence.*

(DECIDED JAN. 11. 1906, 40 So. REP. 414.)

1. *Deeds; Considerations.*—A deed from a father to his children will not be set aside upon mere inadequacy of consideration.

[McLeod, *et al.* v. McLeod.]

2.  *Same; Undue Influence; Presumptions; Deed from Parent to Child.*—In the absence of evidence to the contrary, the parent will be presumed to be the dominant party, and proof of a donation from parent to children will not, of itself, raise a presumption of undue influence.

3.  *Same; Burden of Proof.*—The burden of proof is on the one asserting that the deed of conveyance, sought to be set aside, was procured by undue influence, where the suit is between parent and child.

4.  *Gifts; Validity; Parent and Child.*—The validity of a gift from parent to child, the parent being presumed to be the dominant party, cannot be assailed on the ground of undue influence, as such presumption in law arises only where the weaker party is the donor.

5.  *Appeal; Question of Fact; Review.*—On appeal, the finding on the facts by the chancellor comes to this court with no presumption of its correctness, but the duty is on this court to weigh the evidence and render such judgment as they think ought to be rendered.

APPEAL from Barbour Chancery Court.

Heard before Hon. W. L. PARKS.

This was a bill filed by William McLeod against Sallie McLeod, as the administrator of James McLeod, and individually, and the other heirs of said James McLeod, to set aside a conveyance made by him to the heirs, of his interest in said estate, on account of fraud, undue influence, weakness of grantor's mind and inadequacy of consideration. The estate was worth between twenty and thirty thousand dollars, half of which went to William McLeod, as the father of decedent, who died unmarried. The heirs were sisters of the decedent and the father. The evidence was voluminous and contradictory. The chancellor granted the relief prayed and declared the conveyance null and void, and from this decree, respondent appeals.

G. L. COMER and S. H. DENT, JR., for appellant.—The influence which suffices for the avoidance of a conveyance cannot proceed alone from sympathy or affection for the grantee, but is such as dominates the grantor's will and coerces it to serve the will of another in the act of conveying.—*Reeves v. Lampley*, 125 Ala. 499;

*Adair v. Craig*, 135 Ala. 335; *Holt v. Agnew*, 67 Ala. 360; *McKall v. McKall*, 135 U. S. 172; 28 Ala. 100; 122 Ala. 619; 118 U. S. 127; 129 U. S. 664-670; 12 Peters 241; 8 E. & A. Dec. 228; 2 Brick. Dig. '540.

There is no presumption of undue influence in a gift from the parent to the child, especially where the distribution among the children is equal.—*Townson v. Moore*, 173 U. S. 17, 43 L. Ed. 597; 29 A. & E. Ency. of Law, (2nd Ed.) 132. The charge of undue influence is not sustained by the evidence and the bill has no equity upon which to rest.—*Letohatchie Baptist Church v. Bullock*, 133 Ala. 548. The inequality or inadequacy of price is not of itself sufficient to avoid the contract.—*Judge v. Wilkins*, 19 Ala. 771; 65 Ala. 558; 54 Ala. 532; 62 Ala. 347; 66 Ala. 151; 98 Ala. 400; 1 Story's Equity, 244; Adams Equity, p. 392.

As to expert evidence in case of insanity see *Harrison v. Harrison*, 126 Ala. 326. The questions asked witnesses for appellee as to his capacity to make a contract were illegal and called for illegal evidence.—113 Ala. 496. Rules of law for setting aside conveyances for insanity on the part of the grantor are clearly announced in the following authorities.—104 Ala. 642; 126 Ala. 323.

A. H. MERRILL, for appellee.—The equity of the bill and the sufficiency of its allegation have been settled by this court.—*McLeod v. McLeod*, MS. If the court finds from the evidence that appellee was of unsound mind at the time of the execution of the contract the cause is settled without further inquiry. The burden is on the appellants in this case to repel the presumption of undue influence, the bill showing confidential relation between the parties.—*Kyle v. Perdue*, 95 Ala. 579. Gross inadequacy of consideration is evidence of fraud and between parties holding confidential relations is sufficient of itself to avoid a contract.—*Lester v. Mahan*, 25 Ala. 435; *Waddell v. Lanier*, 52 Ala. 347; *Juzan v. Toulman*, 9 Ala. 662; *Cofer v. Moore*, 87 Ala. 705; *Burke v. Taylor*, 94 Ala. 530; Digest Southern Rep. 794; 1 Story's Equity, sections 246 and 307. The chancellor correctly found that undue influence strong enough to avoid the con-

[McLeod, *et al.* v. McLeod.]

tract entered into its execution.—*Letohatchie Baptist Church v. Bullock,* 133 Ala. 548. The respondents received $10,000 worth of property for a consideration of $300.00. It further appears that at no time did the complainant have the benefit of independent advice.— *Powell v. Powell,* Law Report, C. D. E. S. C. of J. 1900-1.

DOWDELL, J.—The bill in this case is one by the father against his daughters, and is for the purpose of setting aside and annulling a certain paper writing, whereby he had transferred or assigned all of his interest in the estate of his deceased son to his said daughters. The relief sought by the bill is based upon charges of fraud and undue influence, and inadequacy of consideration is alleged. Mere inadequacy of consideration is not a sufficient ground for setting aside and annulling a contract. As was said in *Judge v. Wilkins,* 19 Ala. 771: "I follow the language of the authorities in saying that inadequacy of price, or other inequality in the bargain, is not within itself a sufficient ground to avoid a contract in a court of equity, on the ground of fraud; for courts of equity, as well as courts of law, must act upon the ground that every person, who is not under some legal disability, may dispose of his property in such manner and upon such terms as he sees fit; and whether his bargains are discreet or not, profitable or unprofitable, are considerations not for courts of justice, but for the party himself."—1 Story's Eq. 244; Adams, Eq. p. 392; *Bolling v. Munchus,* 65 Ala. 558; *Goodlett v. Hansell,* 66 Ala. 141; *Malone v. Kelley,* 54 Ala. 532.

The appellee, the complainant in the court below, seeks to invoke the doctrine that in transactions *inter vivos,* where the parties stand in confidential relations, and the grantee, who is the beneficiary, is the dominant spirit in the transaction that the law raises up the presumption of undue influence and casts upon the opposite party the burden of repelling such presumption by satisfactory evidence whenever the transaction is assailed. In a case like the one before us, the question as to who is the dominant spirit in the transaction is one of fact, and becomes one of vital importance in the appli-

cation of the doctrine above stated. A donation from the parent to the child, alone and of itself, would raise no presumption of undue influence since, in the absence of evidence to the contrary, the parent is presumably the dominant party. If undue influence is charged in such a case, the burden is on the parent to show it. Every person who is *sui juris* and under no legal disability has an unquestionable right of disposition of his property, whether by gift or otherwise. Where the donor and donee stand in such confidential relations as parent and child, and the donor is the dominant party, whether he be parent or child, no one would for a moment question the validity of the gift on the ground of undue influence as such presumption in law arises only where the weaker party is the donor. The question in this case is one of fact, to be determined from the evidence, and under section 3826, subd. 1, of the Code of 1896, in our determination of the case on the evidence, we cannot consider the findings of facts by the chancellor. The evidence is quite voluminous. Testimony of witnesses was taken by both sides on the questions of undue influence, exercised by the respondents over the complainant, and, of the complainant's mental condition before and at the time of the alleged transaction. There was no pretense of fraud in the transaction other than that as charged in the exercise of undue influence.

We have carefully considered all the evidence and after disregarding such as is illegal, we are clearly of the opinion that the weight of the evidence establishes the fact that the complainant was of sound mind, capable of entering into the contract assailed, and that the respondents were not the dominant spirit or spirits in the transaction. We are furthermore satisfied that the transfer by the complainant of his interest in the estate of his deceased son to the respondents, his daughters, was not induced by, nor was it the result of, any undue influence exerted by the respondents over him. It therefore follows that the decree appealed from must be reversed, and one will be here rendered dismissing the complainant's bill.

Reversed and rendered.

TYSON, SIMPSON and ANDERSON, JJ., concur.