# Couch, *et al. v.* Couch, *et al.*

*Bill to Quiet Title.*

(Decided Nov. 15th, 1906. 42 So. Rep. 624.)

1.  *Deeds; Executions; Undue Influence.*—The evidence in this case considered and held not sufficient to rebut the presumption that the execution of the deed alleged to have been made by father to son was procured by undue influence.
2.  *Same; Validity; Presumption.*—Where a confidential relation exists between the grantor and the grantee, and the grantor is old and feeble and the grantee the dominant spirit, the presumption arises that the execution of the deed was brought about by the undue influence of the grantee over the grantor.

APPEAL from Marshall Chancery Court.
Heard before HON. W. H. SIMPSON.

[Couch, et al. v. Couch, et al.]

This was a bill filed by Charles and Sheffield Couch against William Couch and others to quiet title to certain lands therein described. The defendants filed an answer and cross-bill, setting up the invalidity of the alleged deed from Thomas Couch to Charles and Sheffield Couch, alleging that the defendants, together with Charles and Sheffield Couch, each own an undivided interest by virtue of their relation to Thomas Couch, being heirs of the same, and by amendment to their cross-bill set up that the land cannot be equitable divided, and pray for a sale of the same. The original cross-bill prayed for an annullment of the deed from Thomas Couch to Charles and Sheffield Couch. The chancellor decreed a dismissal of the cross-bill, that the defendants had no right, title, or interest, and quieted the title of said land in the complainants, Charles and Sheffield Couch. The other facts sufficiently appear in the opinion of the court.

STREET & ISBELL, for appellant.—The delivery of the deed is not proven.—*Alexander v. Alexander,* 71 Ala. 395; *Goodlatt v. Kelly,* 74 Ala. 213; *Ellsberry v. Boykin,* 65 Ala. 340; *Cherry v. Herring,* 83 Ala. 458; *Shelby v. Tardy,* 84 Ala. 327; *Porter v. Woodhouse,* 13 L. R. A. 65; 1 Devlin on Deeds, § 271; 9 A. & E. Ency. of Law, §§ 154-156.

The absence of the deed is not accounted for in such way as to permit secondary evidence of its contents.—*Bogues v. McCutchen,* 48 Ala. 493; *Roach v. Privet,* 90 Ala. 391; *Echols v. Hubbard,* 90 Ala. 309; *McQuire v. Bank,* 42 Ala. 589; *Boulden v. The State,* 102 Ala. 78. The fact that a witness called a paper a deed is no evidence that it was a deed.—*Hancock v. Kelly,* 81 Ala. 378; *Elyton Land Co. v. Denney,* 108 Ala. 561.

Under the facts in this case it is evident that the deed was procured by fraud and undue influence.—*Holt v. Agnew,* 67 Ala. 360; *Malone v. Kelly,* 54 Ala. 532; *McQueen v. Wilson,* 131 Ala. 606; *Waddell v. Lanier,* 62 Ala. 349; *Shipman v. Furniss,* 69 Ala. 555; *Kyle v. Perdue,* 95 Ala. 579; *Ryan v. Price,* 106 Ala. 584; *Burch v. Taylor,* 84 Ala. 530; *Higginbotham v. Higginbotham,* 106 Ala. 314; *Bancroft v. Otis,* 91 Ala. 279; *White v.*

[Couch, et al. v. Couch, et al.]

*Smith,* 51 Ala. 405; *Tracey v. Sackett,* 59 Am. Dec. 610; 2 Pom. Eq. Jur. §§ 955-957; 9 A. & E. Ency. of Law, 124; 27 Ib. 459 and 490.

JOHN A. LUSK, for appellee.—The case of *Whitten v. McPhall* is very favorable to these complainants as to all the issues involved in this case.—*Whitten v. McFall,* 122 Ala. 619; *Gardner v. Knight,* 124 Ala. 273. The agreement to support the grantor constituted a valuable consideration.—*Grandy v. Fortner,* 119 Ala. 303; 2 Mayf. Dig. 1085. The delivery shown in this case was good.—2 Mayf. Dig. 1071. The burden of proving incapacity on the part of the grantor is on the party alleging such incompetent.—*Harrison v. Harrison,* 126 Ala. 323. Disease of the mind to constitute incapacity must be shown to be general and permanent to constitute a sufficient ground for declaring a deed void.—76 Ala. 222; 97 Ala. 736. As to testamentary capacity the court's attention is called to the case of *Bulger v. Ross,* 98 Ala. 267. Undue influence is the prevention of the exercise of discretion and judgment.—97 Ala. 732; 2 Mayf. Dig. 986. Solicitations however importunate do not constitute undue influence.—*Englehart v. Englehart,* 82 A. S. R. 808. The testimony of the complainant Couch was not of a transaction with deceased.—*Brown v. Bell,* 31 So. Rep. 454.

WEAKLEY, C. J.—Conceding that the evidence reasonably establishes that Thomas Couch executed a deed to the land in controversy to his sons Charles Couch and Sheffield Couch, the evidence of its delivery is rather unsatisfactory. The deed was not signed by the grantor's wife, nor recorded, nor it is produced. One of the alleged grantees claims he placed it in his father's trunk, and that after the latter's death the deed could not be found. The grantees did not take possession of the land; but it remained in the possession of the father, being in cultivation by his tenant at the time of his death.

But we will not rest our conclusion upon a want of sufficient evidence to reasonably convince us that the deed was delivered, since there is another reason, arising out of the facts, for avoiding the transaction, even if a

[Couch, et al. v. Couch, et al.]

deed was executed and delivered by the father to the two sons. The confidential relation of parent and children existed between the parties, and the father was very old and feeble, both in mind and body. The sons resided with him, were young and vigorous, and one of them, shortly before the transaction in question, had induced the father without consideration to convey to him his homestead; the transaction failing of consummation on account of the refusal of the wife to join in the conveyance. The weaker party was the donor, and we are reasonably convinced, from all the facts and circumstances in evidence, that Charles Couch, one of the grantees, was the dominant spirit in the transaction. The consideration recited in the deed to the land was love and affection, and, although it is claimed the grantees agreed to reside with and care for the grantor during his life, there is no claim that this provision, if agreed to, was inserted in the deed or reduced to writing, nor was the agreement to that effect, if made, complied with. At the time of the conveyance the grantees were without pecuniary responsibility, owning no real estate; their personal property not exceeding $100 each in value. One of the grantees, the grantor not being present, procured the deed to be prepared by an attorney, expressing doubt whether it would be executed, and thereafter took the grantor to an officer, before whom it was signed and acknowledged; but the grantor is not shown to have had any independent advice, and there is an entire want of evidence to meet the burden resting upon the grantees to show there was an absence of all undue influence, advantage, or imposition. If it be urged that the donor by declarations manifested an understanding of his act and approved the transaction, yet it does not appear there was a severance of the confidential relation by the interposition of competent advice to the weaker party by a disinterested person. As Lord Eldon said, in *Huguenin v. Baseley*, 14 Ves. 300, the question was, not whether the party knew what he was doing, had done, or proposed to do, but how the intention was produced.

The confidential relation existing, and one of the grantees being the dominant spirit, the law presumes the exercise of undue influence, and to repel the presump-

tion requires clear and convincing proof that the parties claiming the benefit of the conveyance acted in perfect good faith and did not take advantage of the weakness of the father. Such proof, necessary to uphold the transaction, has not been produced. The principles of law applicable are familiar and well-established, and have found frequent statement in our cases.—*McLeod v. McLeod,* 145 Ala. 269, 40 South. 414; *McQueen v. Wilson,* 131 Ala. 606, 31 South. 94; *Ryan v. Price,* 106 Ala. 585, 17 South. 734; *Waddell v. Lanier,* 62 Ala. 347; *Malone v. Kelley,* 54 Ala. 532. The case of *Whitten* & *McFall,* 122 Ala. 619, 26 South. 131, is different from this in several important particulars. There the grantor had previously expressed a determination to dispose of his property as he did, the deed correctly set forth the agreement to support during life as the consideration and the obligation of the grantees, which was faithfully kept, and the peculiar circumstances rendered the transaction wise and prudent. Besides, the court found the deed proceeded from the grantor's volition.

The respondents ultimately amended their answer and cross-bill by alleging the land could not be equitably divided without sale and by praying a sale for division. We find no answer to the cross-bill as thus amended, nor decree pro confesso thereon in the record. The case not being in condition for a final disposition here, we will reverse and annul the decree of the chancellor, and remand the cause.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.