[Sanders v. Gurley.]

# Sanders *v.* Gurley.

*Bill to Cancel Deed for Undue Influence and Incapacity to Make.*

(Decided Nov. 28, 19907.  44 So. Rep. 1022.)

1. *Parent and Child; Gifts; Undue Influence; Presumptions.*—The parent being presumed to be the dominant party, a donation from a parent to a child is not sufficient, of itself, to raise a presumption of undue influence in the absence of evidence to the contrary.

2. *Same; Conveyance; Consideration.*—Where the evidence shows that the father, although in bad health, was in full possession of his mental faculties, and after fully discussing the matter with his wife and his neighbors, conveyed the land in question to his son and only heir at law except complainant, who was a grandchild, in consideration of the son's caring for and supporting the father and mother during the remainder of their lives, such a conveyance is founded on a valuable consideration and cannot be defeated for undue influence of defendant.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Elbert Sanders against J. J. Gurley to declare null and void certain deeds executed to the said J. J. Gurley by the father of said J. J. Gurley and the grandfather of complainant, on account of undue influence and incompetency to contract at the time the deed was made. From a decree denying relief, this complainant appeals. Affirmed.

The bill alleges that the complainant is the heir of Mary E. Gurley, who died prior to Jesse Gurley, her father, and that complainant and respondent are the only heirs at law of said Jesse Gurley; that J. J. Gurley resided on the lands with his father for 10 or 12 years before his death and obtained considerable influence over the father; that the father and mother were both old and infirm, the father partially paralyzed and incapable of making the deed, and many other facts along the same

line. The deed was made an exhibit, and provides that on account of the care, protection, and support already rendered to Jesse and Elizabeth Gurley, and in consideration of the continued care, protection, and support during their future life, they granted, bargained, sold and conveyed unto the said J. J. Gurley the land described in the bill. The wife, in consideration of the care, protection and support, released, remised, and quitclaimed all her right, title, and interest in dower and homestead in said lands. The deed contained a further condition of a reservation or control of the land during the life of the grantors and a condition that, if the grantee failed to comply with the terms thereof, the deed should be null and void. The evidence tended strongly to establish the compliance with the terms and conditions of the deed.

P. M. BRINDLEY, A. A. GRIFFITH, and JOHN R. SAMPLE, for appellant. The bill sufficiently averred and the proof established the invalidity of the deed from Gurley and wife to respondent.—*Noble v. Moses*, 81 Ala. 540; 136 Ala. 545; 52 Ala. 348. The proof clearly shows that the deed was obtained by undue influence and being a gift inter vivos, the law raises the presumption of undue influence and puts upon the donee the burden of repelling such presumption.—*Bancroft v. Otis*, 91 Ala. 279; *Hutchinson v. Bibb*, 28 South. 754. The burden is on the party claiming the deed to show that it is just, equitable and fair in every respect.—*Harraway v. Harraway*, 136 Ala. 499.

S. A. LYNNE, for appellee. No such undue influence is pleaded or proven to destroy the force of the deed.— *Jackson v. Rowell*, 87 Ala. 690; *Barksdale v. Davis*, 114 Ala. 623; 16 Ency. P. & P. 1022; 22 Id. 568; 29 A. & E.

[Sanders v. Gurley.]

Ency. of Law, 115; 22 Ala. 520; 58 Am. Dec. 412; *Adair v. Craig,* 135 Ala. 335; *Kidd v. Williams,* 132 Ala. 140; *Wessell v. Rathjohn,* 45 Am. Rep. 697. A parent is presumably the dominant party.—*McLeod v. McLeod,* 40 South. 414; *Couch v. Couch,* 42 South. 624.

ANDERSON, J.—"A donation from the parent to the child, alone and of itself, would raise no presumption of undue influence, since, in the absence of evidence to the contrary, the parent is presumably the dominant party. If undue influence is charged in such case, the burden is upon the parent to show it."—*McLeod v. McLeod,* 145 Ala. 269, 40 South. 414. The conveyance in the case at bar was not a mere donation, but provided for the care and support of the grantor and his wife during their lives as the consideration, or as a partial consideration, and the evidence shows a compliance with said requirements on the part of the respondent. It is true the grantor was in bad health for some time before his death; but he was not an extremely old man at the time, and was in full possession of his mental faculties, and the evidence fails to show that he was dominated by the son. On the other hand, the conveyance was to the only surviving child and heir at law, save the complainant, a grandchild, and who had lived with and cared for his parents for years, was drafted and acknowledged before an officer at the instance of the grantor, and not until after he had fully discussed the matter with his neighbors.

The decree of the chancery court is affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.