# Neal, et al. v. Neal.

*Bill to Annul Deed on Account of Undue Influence.*

(Decided June 10, 1908. 47 South. 66.)

1. *Parent and Child; Gift to Child; Undue Influence; Presumption.* —In the absence of evidence to the contrary the parent is presumed to be the dominant party in transactions with a child, and a donation from a parent to a child of itself raises no presumptions of undue influence.

2. *Deeds; Validity; Undue Influence; Evidence.*—Where the evidence disclosed that the grantor was a widow sixty-five years of age and the grantee was her oldest son and had been her sole and trusted agent and advisor, having the absolute control and management of her affairs for twenty years; the grantor doing all things suggested by the grantee without hesitancy or inquiry; the grantee with-holding the deed from record, and asserting no claim of ownership to the land for more than sixteen years after the date of its alleged execution, and was doing all things impressive of the continued ownership of the grantee, and the consideration for the deed being so insignificant as to make it little more than a donation, such evidence is sufficient to overcome the presumption that the grantor was the dominant party in the transaction, and to stamp the deed as having been procured by undue influence.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Martha A. Neal and others, widow and daughters of Joseph D. Neal, deceased, to set aside and annul a deed alleged to have been executed by complainant to Joseph D. Neal. There was decree for complainant and respondents appeal. Affirmed.

[Neal, et al. v. Neal.]

JOHN C. CARMICHAEL, and IVEY LEWIS, for appellant. The parent is presumably the dominant party.—*McLeod v. McLeod,* 145 Ala. 269; *Dolberry v. Dolberry,* 44 South. 1018; *Sanders v. Gurley,* 44 South. 1022; *Guest v. Eason,* 2 Houst. 2246; *Williams v. Williams,* 24 Tex. 426; *Francis, et al. v. Wilkerson,* 147 Ill. 382. The influence for which a deed will be annulled must be such as that the party making it has no free will.—*Reeves v. Lampley,* 125 Ala. 457; *Adaur v. Craig,* 135 Ala. 335; *Conley v. Nailor,* 118 U. S. 134; *Rawlston v. Turpin,* 129 U. S. 663; *Mackall v. Mackall,* 136 U. S. 167; 13 Cyc. 587; *Thompson v. Moore,* 135 U. S. 17.

McCROSSIN & GARRETT, for appellee. We respectfully cite the following authorities.—Bigelow on Frauds, pp. 261 and 341; Cooley on Torts, 515; Pomeroy's Equity Jurisprudence, 3rd Ed. secs. 955-56-57; *Boney et al. v. Hollinsworth, et al.,* 23 Ala. 690; *Shipman v. Furniss,* 69 Ala. 555; *Burke v. Taylor,* 94 Ala. 530; *Kyle v. Perdue,* 95 Ala. 585; *Especially McQueen v. Wilson,* 131 Ala. 606; *Cannon v. Gilmer,* 135 Ala. 302; *Harraway v. Harraway,* 136 Ala. 499; *Hutcheson v. Bibb,* 142 Ala. 586; *Phillips v. Bradford,* 147 Ala. 346, and as to laches, see *Mullen v. Walton, Admr.,* 142 Ala. 166; Code of 1907, § 4852. As answer to the attempted defense of adverse possession: *Norment v. Eureka Co.,* 98 Ala. 181, and authorities there cited; S .C. 104 Ala. 625 and authorities there cited; *Wiggs v. Kirby,* 106 Ala. 262; *Adler v. Prestwood & Knowles,* 122 Ala. 367. Miscellaneous: *Meyer Bros. v. Mitchell,* 77 Ala. 312; *Dixon & Co. v. Higgins,* 82 Ala. 284; *Bogan v. Hamilton,* 90 Ala. 454.

ANDERSON, J.—While we recognize the rule, as laid down in the case of *McLeod v. McLeod,* 145 Ala. 273, 40 South. 414, 117 Am. St. Rep. 41, and reaffirmed in *Dol-*

[Neal, et al. v. Neal.]

*bery v. Dolbery,* 153 Ala. 434, 44 South. 1018, and *Sanders v. Gurley,* 153 Ala. 495, 44 South. 1022, that a donation from the parent to a child, alone and of itself, would raise no presumption of undue influence, since, in the absence of evidence to the contrary, the parent is presumably the dominant party, we think the evidence overcomes such a presumption in the present case. The grantor was a widow over 65 years of age; the grantee being her oldest son, in the prime of life, who had been her sole and trusted agent and adviser for 20 years, having the absolute control and management of her affairs, and she reposing in him all confidence and doing all things suggested without inquiry or hesitancy. It is evident that she executed the deed in question at her son's request, without being informed what it was, and doubtless thinking she was performing some other business act. His subsequent conduct strongly bears out this inference. He withheld the deed from record, never made any claim of ownership to any member of the family during a period of 16 years, and did all acts impressive of her continued ownership, even borrowing money and having her give mortgage on same. It is true the deed purports to be for a valuable consideration; but it is so insignificant that it places the grantee in little or no better position than a mere donee.

The decree of the chancery court is affirmed.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.