ELIJAH DALLETT BOWER, PLAINTIFF IN ERROR, v. ELIZ-
ABETH G. BOWER ET AL., EXECUTORS, DEFENDANTS
IN ERROR.

Argued July 2, 1909—Decided November 15, 1909.

1. The act of March 23d, 1881 (*Gen. Stat., p.* 2112), which requires
"that in all cases where a bond and mortgage has or may here-
after be given for the same debt, all proceedings to collect said
debt shall be first to foreclose the mortgage," &c., has no applica-
tion where the existence of the mortgage has been lawfully
terminated before the institution of proceedings on the bond to
collect the debt.

2. A judgment entered upon a directed verdict will be reversed on
error if by such direction any material matter in issue concerning
which there was a substantial conflict in the testimony was re-
solved by the trial court adversely to the plaintiff in error.

3. To constitute such a conflict it is not necessary that the facts
themselves be in dispute, for if the inference to be drawn from
undisputed facts is one about which there may reasonably be an
honest difference it is for the jury, not the court, to draw such
inference.

4. A legatee sued his father's executors for a legacy of $1,000 given
him by his father's will; the executors, under a notice of set-off,
produced and proved a bond given by the legatee to his father for
$1,000, and showed its continued custody by the testator; the
legatee then produced from his own possession the mortgage that
had accompanied said bond canceled of record during the life of
the testator. *Held,* that upon the issue whether the debt secured
by the bond was unpaid the inference to be drawn from the fore-
going facts constituted a question for the jury which it was error
for the trial court to determine by the direction of a verdict.

5. *Held, also,* that the cancellation of a mortgage that had been
given to secure a bond, while not raising a presumption that the
debt itself had been paid, was susceptible of that inference, and
hence was competent evidence to go to the jury on that question.

6. The fundamental characteristic of a presumption as distinguished
from an inference is that the former affects the duty of producing
further testimony, not merely the weight of that already produced.

On error to the Supreme Court.

For the plaintiff in error, *Austin H. Swackhamer.*

For the defendants in error, *David O. Watkins.*

The opinion of the court was delivered by

·GARRISON, J.   This writ of error brings up a judgment for the defendants entered on a verdict directed by the trial court, to which an exception was allowed and sealed.   The assignment of error, based upon this exception, is the matter chiefly relied upon for reversal.

The defendants below were the executors of Elijah Bower, deceased.   The plaintiff was his son, and a beneficiary under the will of his father to the extent of a legacy of $1,000. To recover this legacy the plaintiff instituted the action that resulted in the direction of a verdict in favor of the executors.   The issue tried in the court below was constituted in the following manner: The plaintiff filed his declaration, counting upon his legacy; to this the defendants pleaded the general issue, annexing thereto a notice of set-off to the effect that at the trial they would give in evidence that the plaintiff was indebted to the defendants in the sum of $1,000, for that the plaintiff had executed to the testator in his lifetime a certain bond, conditioned for the payment of $1,000 in one year, which at the time of the filing of said notice the plaintiff had wholly failed to pay.   To this notice plaintiff's counsel (although not required to do so under the Revised Practice act of 1903) filed a counter notice of his intention to prove at the trial that the bond referred to in the defendant's notice had at the time of its delivery to the testator been accompanied by a mortgage on lands of the plaintiff, given to secure the same indebtedness, and that the defendants at the time of the giving of said notice had not commenced any suit to foreclose the said mortgage, so that their said notice of set-off was a proceeding to collect the said debt without first foreclosing the said mortgage, and hence was in contravention of the act of March 12th, 1880. *Gen. Stat. (March 23d, 1881), p. 2112.*

The issue thus presented was clearly understood and tried out by both counsel and by them placed before the court as the only issue to be disposed of at the trial.

That issue was that the bond given by the plaintiff could not be offset against his legacy until the mortgage given to

secure the same indebtedness had first been foreclosed. This raised a question of law, viz., whether or not the act of March 23d, 1881, applied to the bond that constituted the proposed set-off. The question whether or not the bond was, in fact, unpaid, was at no time mooted upon the trial, still less pressed as a ground for defeating the defendant's set-off, or as presenting a question to be submitted to the jury.

The defendants had stated in their notice that they would give in evidence that the bond had not been paid, to which the plaintiff in his notice had replied, not that the debt or the bond had been paid, but that he would prove that the mortgage that secured the same debt as the bond had not been foreclosed. Indeed the claim that the debt had been paid was so fatal to the plaintiff's contention on the issue raised by his notice that he could not, with any show of consistency, have argued that a mortgage that had been canceled because the debt had been paid must be foreclosed. For at the trial the mortgage, when produced by the plaintiff, was seen to have been canceled of record during the lifetime of the testator.

If this had been wrongfully done by the plaintiff (of which there was no suggestion) he could not be heard to deny his own act; if rightly done, which is the presumption, then it is also to be presumed (the mortgage being in the mortgagor's possession) that the act of cancellation had been concurred in by the parties thereto.

The case as presented, therefore, did not come within the decision in *Van Aken* v. *Tice,* 31 *Vroom* 377, but rather within that of *Seigman* v. *Streeter,* 35 *Id.* 169, in which Mr. Justice Gummere said: "The act of March 23d, 1881, which requires that a party who holds a bond, the payment of which is secured by a mortgage, shall foreclose the latter instrument before bringing a suit upon the former, has no application where the existence of the mortgage has been terminated before the institution of the suit upon the bond."

Without, therefore, deciding or considering whether or not the act of March 23d, 1881 (*Gen. Stat., p.* 2112), would be applicable to the bond proposed to be set off in the present case if the companion mortgage were an outstanding security

for the same indebtedness, we think that the trial judge cor-
rectly ruled on the case presented to him by counsel, viz., that
the existence of the mortgage having been terminated before
the notice of set-off was filed the act of March 23d, 1881, did
not apply.

This conclusion does not, however, lead to an affirmance of
the judgment brought up by this writ of error.  The error
assigned is that the trial court directed a verdict for the de-
fendants and under such an assignment the plaintiff in error
must prevail if by such direction the court below resolved
adversely to him any material question of fact in issue, the
determination of which, under our trial system, should have
been left to the jury.

In the case before us the direction necessarily determined
two material matters adversely to the plaintiff in error, *first,*
that, as matter of law, the act of 1881 did not apply to the
debt secured by the plaintiff's bond, and *second,* that, as mat-
ter of fact, such debt had not been paid.  For the effect of
the direction was to require the plaintiff to pay such debt in a
particular way, viz., as an offset to his cash legacy, which
necessarily involved the determination that the debt had not
theretofore been paid.  The circumstance that counsel at the
trial misled the court into treating the case as one that in-
volved the legal question only does not entitle the defendant
in error to support a direction that is not legally justifiable.
Even where each counsel, by moving for a direction in his
favor, has treated the case as one in which there was no ques-
tion for the jury, the plaintiff in error may avail himself of
any legal error that is necessarily involved in the direction of
a verdict for his adversary.  Such a case was presented in
*Philadelphia Brewing Co.* v. *McOwen,* 47 *Vroom* 636.

This being the right of the plaintiff in error it must be
conceded that the fact that his bond had not been paid was
not established at the trial otherwise than by the verdict that
was rendered in obedience to the direction of the court.  Upon
this topic the pleadings were silent.  The defendants did not
plead that the bond was unpaid; what they did was to file a
notice stating that on the trial they would give in evidence

that the bond had not been paid. This established nothing, but, on the contrary, was a recognition that the non-payment of the bond was one of the matters to be established by evidence on the trial. This was in effect to place the matter on its proper footing. For by force of their notice of set-off the defendants became the plaintiffs in a cross-action, and as such were charged with the duty of making out against the plaintiff a *prima facie* case of indebtedness to them on his bond. This duty they provisionally performed by their proof of the execution of the bond and of its continued custody by the obligee, and had nothing more appeared their right of set-off would have been complete. When, however, the plaintiff proved that the bond had been accompanied by a mortgage and produced such mortgage from his own possession, canceled of record during the lifetime of the mortgagee, the defendant's *prima facie* case was challenged, the inferences arising from the facts on which it rested being now confronted with the opposing inferences arising from the facts proved by the plaintiff. So that if the cancellation of the mortgage was under the circumstances competent evidence upon the issue whether or not the debt secured by the bond had been paid, a question of fact was presented that could not legally be disposed of by the trial court. For as was pointed out in the case of *Furniture Co. v. Board of Education,* 29 *Vroom* 646, it is not enough to constitute a court question that the facts of a case are not in dispute; if the inference to be drawn from undisputed facts is not likewise one about which there cannot reasonably be an honest difference the question is one for the jury.

The underlying question therefore is whether the cancellation of the mortgage in the lifetime of the mortgagee, coupled with the possession of the canceled instrument by the mortgagor, was competent evidence upon the question whether or not the debt secured by the bond had been paid. As long ago as Saxton's reports, Chancellor Vroom, in the case of *Miller v. Wack, Sax.* 204, said that the mortgagor's possession and cancellation of a mortgage were some evidence of its lawful payment; and this, I think, fairly states the correct rule

and the normal weight to be accorded to such evidence. The language of Chief Justice Beasley in *Harrison* v. *New Jersey Railroad and Trans. Co.*, 4 *C. E. Gr.* 488, is not, when read in connection with the facts of that case, opposed to this view. For the court was there dealing throughout with the possession of a mortgage under circumstances that charged its possessor with notice that it had not in fact been paid; the decision, therefore, did not deal with the cancellation of a mortgage that was consistent only with its lawful extinguishment. It is upon this latter ground that Chancellor Vroom based his statement as to the evidential force of a canceled mortgage, viz., that inasmuch as the instrument could not lawfully be canceled in the absence of one or the other of certain statutory prescriptions indicative of the mortgagee's assent, the presumption in the absence of proof to the contrary would be that such acts had been done by the creditor. It is of course true, on the other hand, that a mortgage creditor may surrender his lien and still retain the debt evinced by his bond. This, however, is no more than saying that the cancellation of the mortgage is not conclusive proof of the extinguishment of the debt, still it is some proof tending that way, the persuasive effect of which, in a given case, must depend largely upon the inferences arising from all of the circumstances surrounding the transaction.

The two cases referred to, and indeed the great majority of cases in which the evidential force of the cancellation of a mortgage has been considered, were cases in which the questions *sub judice* bore directly upon the life of the mortgage itself or upon the validity of rights claimed either under or adversely to the canceled instrument, and hence are not strictly pertinent to the question now under consideration, which is the effect of such cancellation as evidence that the bond no longer represented a subsisting indebtedness. The difference is that between a presumption and an inference. The cancellation of a mortgage unexplained by other evidence being consistent only with the extinguishment of the instrument raises a presumption to that effect, whereas such cancellation being as regards the bond also consistent with the

retention of the debt, gives rise only to an inference that the latter has been paid. The distinction is of critical importance in the present case, in view of its probable retrial, because of its bearing upon the burden of proof and the duty of producing testimony. It is proper therefore to point out that the fundamental distinction between a presumption and an inference does not arise from any consideration as to the greater persuasive quality of the former, but solely from a rule of law by force of which in the case of a presumption a given evidential fact is invested with certain consequences touching the further production of proof.

For the term "presumption" denotes that a force is accorded by law to a given evidential fact whereby the duty of producing further testimony is affected. A presumption therefore is an inference to which definite legal consequences are attached. An inference, however persuasive, that does not affect the duty of producing testimony, is not a presumption. Thus the production of a canceled mortgage casts upon him who would assert that it was not extinguished the duty of producing testimony, and hence raises a presumption; but no such burden being cast upon him who asserts merely that the bond has not been paid, such cancellation in his case, while giving rise to an inference, raises no presumption. Bearing this distinction in mind it is quite sufficient for present purposes to say that the production of the canceled mortgage in the present case was competent evidence upon the question whether or not the bond had been paid. This being so there was upon this question evidence both *pro* and *con,* and in such case it is error for the trial court to direct a verdict.

From this conclusion it results that the judgment brought up by this writ of error should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Congdon, JJ. 14.