# Young v. Love.

*Bill for Partition.*

(Decided January 22, 1914.　Rehearing denied June 4, 1914.
65 South. 337.)

*Deeds; Validity; Undue Influence; Presumption and Burden of Proof.*—Where confidential relations exist between the·parties to a deed, the law raises the presumption of undue influence—not as a presumption of fraud or an act malum in se—but simply as the continuance of that influence naturally attaching to a confidential relationship, and puts the burden upon the grantee of repelling such presumption by clear and convincing proof that he acted in good faith, and did not take advantage of·such relationship.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Ellen Love against C. C. Young and others, to sell land for division or patition, with cross-bill by respondent Binner. From a decree granting relief to complainant and cross complainant, respondent Young appeals. Affirmed.

STEINER, CRUM & WEIL, and WALTER B. JONES, for appellant. There is no allegation of undue influence existing at the time of the execution and delivery of the deed, and the fifth ground of demurrer should have been sustained.—75 Pac. 760; 127 Pa. St. 564; 127 Ill. 523; 17 O. St. 302; 198 Pa. St. 362. The bill fails to allege that undue influence was exercised for any undue and disadvantageous purpose.—102 N. E. 1048; 44 Mo. 537; 4 Ed. Ch. 433, 525, 532. It is not alleged that undue influence destroyed free agency.—*Mullen v. Johnson,* 157 Ala. 262; *Council v. Mayhew,* 172 Ala. 297; *Jackson v. Rowell,* 86 Ala. 596. The bill is inconsistent and repugnant in seeking to set aside the deed on the grounds of insanity and mental incapacity, and at the same time

[Young v. Love.]

upon the assertion that it was obtained by undue influence.—5 Idah. 230. If complainant would avoid the deed she must make restitution.—88 Merrill 173; 57 Atl. 117; Devlin on Deeds, 76; 9 Ves. 478; Pom. Eq. § 946; 106 Ill. App. 610; *B. R. L. & P. Co. v. Jordan,* 170 Ala. 530. Cross complainant has been guilty of laches.— *Dent v. Long,* 90 Ala. 172; 49 South. 133. The court erred in decreeing that the deed was void for undue influence, and in refusing to decree that Young was vested with the title in fee simply to all the real estate described in the original bill.—*Burney v. Torrey,* 100 Ala. 157.

MARK D. BRAINARD, for appellee. Under the assignments of error all the demurrers would have to be good in order to put the trial court in error on its rulings. —*Aetna L. I. Co. v. Laseter,* 153 Ala. 630; *Brent v. Baldwin,* 160 Ala. 635. Other assignments cannot be considered because of generality.—*So. Ry. v. Kirsh,* 150 Ala. 659; *Jordan v. Rice,* 165 Ala. 650; *Dickens v. Dickens,* 174 Ala. 345. The question of the insanity of Jane Davis, as well as the question of undue influence is clearly stated and fully proven, entitling cross complainant Benner to the relief granted.—*Letohatchie B. C. v. Bullock,* 133 Ala. 548; *Phillips v. Bradford,* 147 Ala. 346; *Cleere v. Cleere,* 82 Ala. 588; *Abercrombie v. Carpenter,* 150 Ala. 294. Undue influence that will avoid a deed has had much consideration at the hands of this court, and will be found discussed in the following cases. —*Couch v. Couch,* 148 Ala. 435; *Hutchison v. Hutchison,* 142 Ala. 586; *McQueen v. Wilson,* 131 Ala. 610; *Nelson v. Brown,* 164 Ala. 409, and cases cited. Under the facts in this case, the burden was on the grantee to show bona fides or the absence of undue influence.— *Ryan v. Price,* 106 Ala. 584; *Kyle v. Perdue,* 95 Ala.

579. The bill wfts not inconsistent or multifarious.—
*Belleview C. Co. v. McEvers*, 174 Ala. 460, and author-
ities cited. The case of *Walling v. Thomas*, 132 Ala.
426, appears to be decisive of all the questions here
raised.

MAYFIELD, J.—Ellen Love filed her bill against
appellant and Deal Binner as a tenant in common, and
sought to have the land in question sold for distribution
among the tenants in common.

The land in question was conveyed by Moses Bros. to
Mark Johnson and Jane Johnson, who were husband
and wife, in 1889. The husband died before the wife,
but without issue, and complainant claims to have in-
herited the husband's half interest; she being his sister.
Deal Binner appears to be the heir of Jane Johnson, the
wife, and claims to have inherited the full title to all the
land in question. He sets up in his cross-bill that the
land in question was the homestead of Mark Johnson
when he died, and that, it being of less value than $2,-
000, and of less area than 160 acres, under the law of
this state at the time of his death, the title thereto vest-
ed absolutely in his widow, and that cross-complain-
ant inherited the fee at the death of the widow.

The trial court found in favor of this claim of Binner,
and the correctness of the finding, so far as the home-
stead is concerned, seems not to be contested on this ap-
peal.

Binner, in his cross-bill, sought to have a deed made
by Jane Johnson to Effie Young, conveying the land in
question, canceled as a cloud on his title.

Appellant, C. C. Young, claims by inheritance from
Effie Young. The bone of contention in the court be-
low, and on this appeal, is the validity of this deed from
Jane Johnson to Effie Young. If the deed is valid, it

is conceded that the title to the land in question is in appellant; but, if it is void, as the trial court found and declared it to be, then the title is in appellee Deal Binner.

The cross-bill alleged that Jane Johnson was non compos mentis at the time the deed to Effie Young was executed; and also that the deed was obtained by fraud and undue influence on the part of the grantee, Effie Young.

Much evidence was taken on these issues, and the trial court found the issue in favor of the cross-complainant, Binner; that is, that the deed was void because obtained by undue influence on the part of the grantee. It could serve no purpose to analyze or discuss the evidence on this issue. It is only necessary to say that it has been carefully examined, and that we concur with the trial court in the finding that the deed was obtained by such undue influence as to render it void and authorize its cancellation as a cloud on the title of said Binner.

The law on this subject—what is sufficient to constitute undue influence such as will authorize a deed to be declared void and canceled, burden of proof, weight and sufficiency of the evidence in such cases—has been so often declared by this court that it is needless to restate it here. See the following cases in which will be found, fully stated, and substantially as follows, the law which we find to be applicable to the case made by the record:

"In respect to the question of undue influence arising from confidential relations as affecting the validity of deeds and wills, the courts have made a distinction between transactions inter vivos and transactions of a testamentary character. In transactions inter vivos, where confidential relations exist between the

parties, the law raises up the presumption of undue influence, and puts upon the donee, when the dominant party in the transaction, the burden of repelling such presumption by competent and satisfactory evidence; and this is usually done by showing that the grantor had the benefit of competent and independent advice of some disinterested third party. * * * Undue influence with respect to gifts and conveyances inter vivos is a very different matter.. It may exist without either coercion or fraud. It may result entirely from the confidential relation, without activity in the direction of either coercion or fraud, on the part of the beneficiary occupying the position of dominant influence. It is upon him not only to abstain from deceit and duress, but to affirmatively guard the interests of the weaker party, so that their dealings may be upon a plane of equality, and at arm's length. To presume undue influence in such a case, therefore, is not to presume fraud or coercion, or any act which is malum in se, but simply the continuance of the influence which naturally inheres in and attaches to, the relation itself."—*Hutcheson v. Bibb, et al.,* 142 Ala. 587, 588, 38 South. 754.

"The confidential relation existing, and one of the grantees being the dominant spirit, the law presumes the exercise of undue influence, and, to repel the presumption, requires clear and convincing proof that the parties claiming the benefit of the conveyance acted in perfect good faith, and did not take advantage of the weakness of the father. Such proof, necessary to uphold the transaction, has not been produced. The principles of law applicable are familiar and well established, and have found frequent statement in our cases.—*McLeod v. McLeod,* 145 Ala. 269, 40 South. 414 [117 Am. St. Rep. 41] ; *McQueen v. Wilson,* 131 Ala. 606, 31 South. 94; *Ryan v. Price,* 106 Ala. 585, 17 South. 734; *Wad-*

*dell v. Lanier*, 62 Ala. 347; *Malone v. Kelley*, 54 Ala. 532." *Couch, et al. v. Couch, et al.*, 148 Ala. 335, 336, 42 South. 625.

The cross-bill was not subject to the demurrer interposed, and there was hence no error in overruling the demurrer. Finding no error in the record, the decree of the chancellor must be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.