(69 South. 493)

No. 20,330.

HENRY BYRNES & CO. v. CONCRETE CONSTRUCTION & CONTRACTING CO. et al.

(June 29, 1915.)

*(Syllabus by Editorial Staff.)*

1. DAMAGES ⊜⟶3—BREACH OF CONTRACT—RECOVERY.

A subcontractor was entitled to recover for the losses sustained from the contractor's delay in furnishing material for the work as agreed.

[Ed. Note.—For other cases, see Damages, Dec. Dig. ⊜⟶3.]

2. DAMAGES ⊜⟶189—PROOF—SUFFICIENCY.

In a subcontractor's action to recover damages from the contractor's delay in furnishing materials for the work as agreed, where the only evidence of damage was that one of the plaintiff firm hired skilled and unskilled labor, and had to keep them around while waiting for material, and that he figured his loss at about $20 a day, without giving any details or producing any pay roll, contradicted by the testimony of his partner, a hostile witness, that the plaintiff firm suffered no loss, was not enough to prove the amount of damage with sufficient certainty, though in view of the contractor's frequent defaults, and the loss of their own time by members of the subcontractor firm, a judgment for $150 damages would be ordered.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 288, 512; Dec. Dig. ⊜⟶189.]

Appeal from Civil District Court, Parish of Orleans; F. D. King, Judge.

Action by Henry Byrnes & Co. against the Concrete Construction & Contracting Company and others. Judgment for defendants and plaintiff appeals. Judgment set aside, and judgment rendered for plaintiff against defendants in the sum of $150, with interest.

H. W. Robinson, of New Orleans, for appellant. Howe, Fenner, Spencer & Cocke, of New Orleans, for appellees.

PROVOSTY, J. [1, 2] The plaintiff company was a subcontractor to defendant for doing paving work in the city of New Orleans; and this suit is in damages for losses alleged to have resulted from the delay of defendant company in furnishing money and materials as agreed for doing the work. Plaintiff has not shown any default on the part of defendant in furnishing money, and the defendant in repeated letters acknowledged its default in the matter of furnishing materials. Plaintiff is entitled to recover for the losses it suffered from these defaults, but has failed to prove the amount of these losses with sufficient certainty. The only evidence in that regard is the testimony of Mr. Cook, of the plaintiff firm (composed of himself and Mr. Byrnes), as follows: ·

"Q. What damage did you sustain by reason of the failure to furnish you with money and material? A. Well, I would hire gangs of men—competent men; then I had unskilled labor, and had to keep them hanging around me from time to time and waiting on the promises that the material would be on the work, so as not to let them go anywhere else. I sustained a loss, I figure it, at about $20 a day. Q. Was it less or more than that? A. It may have been more than that. I and Mr. McCoy figured that out ourselves. There ain't anything I done in any of these contracts that I didn't ask his advice about."

No details are given; no pay roll produced; nothing, except this vague estimate. And against it is the testimony of Mr. Byrnes, the partner, to the effect that the plaintiff firm suffered no losses, and the testimony of this same witness and that of Mr. McCoy, of the defendant firm, that the plaintiff firm employed its workmen by the hour, and would discharge them just as soon as materials gave out for continuing with the work.

In this condition of the record we are unable to fix the amount of damages that the plaintiff firm suffered from these defaults of defendant; but inasmuch as the defaults were frequent, and the members of the plaintiff firm lost at any rate their own time, we think that some damages ought to be allowed, and that we should be safe not to overstep the mark by an allowance of $150.

Mr. Byrnes is shown to be a hostile witness.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be

set aside, and that there now be judgment in favor of the plaintiff firm and against the defendant company in the sum of $150, with legal interest thereon from judicial demand, and costs of suit.