(88 South. 833)

GIBBONS et al. v. GIBBONS.    (3 Div. 482.)

(Supreme Court of Alabama.    Jan. 20, 1921. Rehearing Denied May 5, 1921.)

1. Witnesses ⚷159(5)—Grantor is incompetent to testify to misrepresentations made by deceased grantee.

In a suit against the heirs of a grantee to set aside a deed for fraudulent misrepresentations, the grantor is incompetent under Code 1907, § 4007, relating to transactions with a decedent, to testify to misrepresentations made to her by the grantee.

On Rehearing.

2. Deeds ⚷196(2)—Burden is on grantee in confidential relationship to show fairness of transaction.

In a suit to set aside a deed given to a grantee who stood in a confidential relationship to grantor, the burden is on grantee to show that the transaction was both fair and equitable and not the result of misrepresentation or undue influence.

3. Deeds ⚷196(3)—Conveyance from parent to child not presumed unfair unless facts overcome presumption of parent's dominance.

In view of the natural dominance exercised by a parent over a child, the child is not bound to prove the fairness of a conveyance or gift by the parent unless the evidence of the surrounding circumstances overcomes the presumption of the dominance of the parent over the child.

4. Deeds ⚷196(3)—Parent need not show actual undue influence by child to overcome presumption of parent's dominance.

In a suit to set aside a deed of a parent to a child, evidence of actual undue influence by the child over the parent is not necessary to overcome presumption of the parent's domination of the child and impose on the child the burden of proving the fairness of the transaction.

5. Deeds ⚷196(3)—Evidence held to overcome presumption of dominance of aged mother over son who transacted her business.

In a suit to cancel a deed given by a woman to her son, evidence that the grantor was 75 years of age when the deed was executed and that the son transacted all her business for her held to overcome the presumption of dominance by the parent over the child so as to impose on the son the burden of proving the fairness of the transaction.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Bill in equity by M. A. Gibbons against Millie Gibbons and others to cancel and annul a conveyance of land. From a decree granting the relief prayed, respondents appeal. Affirmed.

W. P. McGaugh, of Prattville, Eugene Ballard, of Montgomery, and C. E. O. Timmerman, of Prattville, for appellants.

The court erred in the decree rendered, because contrary to both the allegations and the evidence. 62 Ala. 347; 91 Ala. 276, 8 South. 863; 87 Ala. 685, 6 South. 95, 4 L. R. A. 637; 88 Ala. 462, 7 South. 250; 133 Ala. 548, 32 South. 58; 56 Ala. 356; 75 Ala. 222; 77 Ala. 440; 148 Ala. 475, 41 South. 779. Subsequent events can have no influence in the question of undue influence. 67 Ala. 369; 135 Ala. 332, 33 South. 902. On rehearing, counsel insist that the rule of fiduciary relationship is not applied, where the grant or gift is by a parent to a child as in the case at bar. 182 Ala. 255, 62 South. 505, Ann. Cas. 1915D, 707; 193 Ala. 582, 69 South. 473; 159 Ala. 546, 49 South. 223; 145 Ala. 269, 40 South. 414, 117 Am. St. Rep. 41.

Guy Rice and Gipson & Booth, all of Prattville, for appellee.

Counsel discuss and criticize the authorities cited by the appellant, with the insistence that there is no conflict between them and the rule enforced in rendering the decree, and they cite 155 Ala. 605, 47 South. 66; 62 Ala. 347; 21 Md. 388, 83 Am. Dec. 593.

McCLELLAN, J. The decree appealed from canceled, in so far as Mrs. M. A. Gibbons (complainant-appellee) was concerned, a deed of date May 6, 1916, executed by Mrs. M. A. Gibbons, along with L. W. Gibbons and Mrs. L. W. Gibbons, to R. H. Gibbons, since deceased, conveying all the right, title, and interest of the grantors in 170 acres of land in Autauga county. The bill's theory is that the execution of this instrument by Mrs. M. A. Gibbons was procured by fraudulent representations of its character and effect, or by undue influence exerted upon her, by the grantee who was her son and alleged to have occupied to her, at the time and prior there-

---

to, a relation of confidence in respect of the mother's (complainant's) affairs.

[1] The complainant (appellee) admitted executing and acknowledging the instrument. The respondents interposed objections to those phases of complainant's testimony wherein she recited statements by the grantee, R. H. Gibbons (since deceased), directed to showing fraudulent representations by him as inducing her execution of the deed. These objections, written and filed before submission and listed in the note of testimony, should—under our statute governing the competency of witnesses, pecuniarily interested in the result of the suit, to testify to transactions with or statements by a party since deceased, to whose estate the witness has an adverse interest (Code, § 4007; 12 Mich. Ala. Dig. pp. 1171 et seq.)—have been sustained, and such testimony eliminated from consideration. Without the testimony of the complainant (appellee) relating to these alleged fraudulent misrepresentations by the grantee, the evidence remaining did not warrant a conclusion that the deed was procured by fraudulent misrepresentations by the grantee, R. H. Gibbons, as averred in the bill.

The decree of cancellation was, under the principles stated in Waddell v. Lanier, 62 Ala. 347, warranted, however, by the pleading and proof referable to the ground that, in so far as Mrs. M. A. Gibbons was concerned, the deed was the result of undue influence exerted by the grantee, her son, who occupied toward her and her affairs, at the time the instrument was executed, a relation of such peculiar confidence that the burden of proof passed to the respondents to bring forward evidence "proving satisfactorily that" the transaction was "just, fair, and equitable in every respect." Waddell v. Lanier, 62 Ala. 347, 350, 351. This acquitting burden was not discharged by the respondents. The complainant (appellee) was, at the time, aged and infirm. The grantee had for years looked after her, living near by on the farm which his father, up to 1905, and his mother (appellee), had occupied since 1890, the entire area of which is described in the deed in question. Such a complete divestiture of title or right by this aged woman—in favor of her son who occupied toward her and her affairs a relation of trust and confidence—of all she had or claimed, except a small amount of personal effects, is well calculated to subject the transaction to suspicion and to emphasize the application of the rule that, in these transactions, the innocence and fidelity of the grantee should be satisfactorily established, if the instrument is to be allowed to stand. Waddell v. Lanier, supra, among many others in its line. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. [2, 3] In brief supporting the application for rehearing it is insisted (for the first time) that the doctrine of McLeod v. McLeod, 145 Ala. 269, 40 South. 414, 117 Am. St. Rep. 41, Hawthorne v. Jenkins, 182 Ala. 255, 260–261, 62 South. 505, Ann. Cas. 1915D, 707, and Keeble v. Underwood, 193 Ala. 582, 586–589, 69 South. 493, is applicable to this cause, and that it has not been accorded appropriate, present effect in our decision that the burden of proof passed to the respondents (appellants) to show that the transaction evidenced by the deed of Mrs. M. A. Gibbons to her son, R. H. Gibbons, was "just, fair, and equitable in every respect," as declared in Waddell v. Lanier, 62 Ala. 347. The general doctrine of Waddell v. Lanier has not since been repudiated in this court; a doctrine forcefully stated, and applied to the relation of sister and brother, in Boney v. Hollingsworth, 23 Ala. 690, and since often reiterated. Its broad application has, however, been more recently restricted where the gift or transaction under inquiry evidenced a dealing between those standing in the confidential relation of parent and child and the child is the beneficiary of the bounty or act of the parent. In such circumstances the later view (illustrated in McLeod v. McLeod, 145 Ala. 269, 40 South. 414, 117 Am. St. Rep. 41, among others) is that the presumption against the transaction assailed—resultant from the relation of confidence, viz., parent and child—will not be indulged or be accorded effect unless the evidence presented, including the surrounding circumstances, conduces to show that the natural dominance of the parent (assumed from considerations referable to the normal human relation) did not exist at the time or in respect of the transaction assailed. This is the distinction taken and given application in Dolberry v. Dolberry, 153 Ala. 434, 44 South. 1018, and Neal v. Neal, 155 Ala. 604, 47 South. 66, and reaffirmed, in effect by discriminatory reference, in Keeble v. Underwood, at page 589 of 193 Ala., at pages 475, 476, of 69 South., and in Couch v. Couch, 148 Ala. 332, 42 South. 624, likewise reaffirmed in Keeble v. Underwood, supra. The Dolberry, Neal or Couch Cases have not been qualified, much less overruled. They proceed upon the theory that, where the evidence negatives the prevalence, at the time, of the dominance of the parent (the donor or grantor), the condition to the application of the doctrine of Waddell v. Lanier is satisfied, and, as there held, the burden shifts to the donee or grantee, or their successors in asserted right, to prove "satisfactorily" that the transaction is "just, fair, and equitable in every respect,

and is not on the party seeking to avoid it to establish that it is fraudulent," or the result of undue influence. This view consists with the latest expression in Keeble v. Underwood, 193 Ala. 582, 588, 590, 592, 69 South. 473, where it was pronounced and decided that the inquiry was whether the natural presumption of dominance on the part of the parent was negatived (a question for the jury in proper cases), and, if so found from the evidence, the burden of proof shifted to those claiming in virtue of the parent's act to show that the transaction was not affected with fraud or undue influence; thus declining to reaffirm the erroneous statement of the rule announced in Stanfill v. Johnson, 159 Ala. 546, 548, 49 South. 223, repeated in Sanders v. Gurley, 153 Ala. 459, 461, 44 South. 1022, and in Hawthorne v. Jenkins, 182 Ala. 260, 62 South. 506, Ann. Cas. 1915D, 707, that "actual undue influence" must be proven to avoid the transaction.

[4] Of course, if the assailant of the transaction, asserting the ground that it was the result of undue influence exerted by the child on the parent, must show initially that "actual undue influence" was practiced to produce the parent's act, there could never be any occasion for even the existence of the presumption, shifting the burden of proof, much less recourse to the application of the presumption; because, obviously, when such an assailant of the transaction has done that —viz., shown "actual undue influence"—he would have established (if the triors of the issue credit his proof) the invalidating fact without the aid of any presumption. Since a presumption is a resultant only from an evidential fact or facts shown (Mathews v. A. G. S., 200 Ala. 251, 253, 254, 76 South. 17; Bower v. Bower, 78 N. J. Law, 387, 393, 74 Atl. 522 [Justice Garrison writing, distinguishing inference and presumption]), it is but trite to remark that the requirement of proof of "actual undue influence" necessarily excludes the existence of or recourse to a presumption in the premises.

[5] The evidence for the complainant (appellee) shows that the son (grantee), R. H. Gibbons, resided with her on the land described in the conveyance, in the same dwelling for many years; that about two years before this instrument was executed he moved into a house 200 yards away, on the same land; that after the death of complainant's husband in 1905, R. H. Gibbons managed all the business affairs of his mother; that he was the only one to render such service, and that she was 75 years of age when the instrument in question was executed; that after the execution of the deed she continued to reside in the dwelling on the land; that she had only a little personal property outside of that conveyed by this deed; that the deed was not filed for record until after R. H. Gibbons' death in November, 1916; and that the complainant had "unlimited confidence" in her son, the grantee, and "was easily influenced by him to do anything that was his desire for her to do"— testimony to which no objection was interposed. Mrs. Millie Gibbons, widow of the grantee, testified that the complainant had "no business but to look after her housework." She also testified that her husband, the grantee, "maintained and supported Mrs. M. A. Gibbons," his mother, after the death of his father, Sam Gibbons; that R. H. Gibbons "farmed" the land and made this "support for her," the complainant; and that he, the grantee, had "the entire management of the lands there."

In view of the whole evidence, the presumption of the existence of the natural dominance of this parent, the grantor, was negatived, thereby, in consequence, imposing upon the respondents, who claim under the deed, the burden of proof to show that the transaction was fair, just, and equitable in every respect—a burden that has not been discharged.

The application for rehearing is overruled.

All the Justices concur.