# Dolberry. *et al. v.* Dolberry, *et al.*

*Bill to Cancel Deed for Undue Influence and Incapacity to Make.*

(Decided Nov. 28, 1907.   44 So. Rep. 1018.)

1. *Parent and Child; Conveyances Between; Undue Influence; Presumption.*—On the theory that the parent is the dominant party the presumption is indulged that a conveyance from a parent to a child is free from undue influence, but this presumption may be rebutted by showing that the parent had reached a state of senility and was dominated by the child; and when such proof is made, the burden is cast upon the child to show that the transaction is fair and that the parent acted on independent advice.

2. *Same; Evidence.*—The evidence in this case is examined and held to show an insufficiency of testimony to warrant a finding of undue influence on the part of the child, grantee.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by George Dolberry and others as administrators of Absolom Dolberry, against John and Ben Dolberry, for cancellation of deeds. From a decree for respondents, complainants appeal. Affirmed.

The case made by the bill is that Absolom Dolberry was about 80 years old at the time of his death, and some

time before his death he had been very childish and feeble; that his memory had failed him, and that he was incapable of transacting his business; that the two respondents named in the bill lived near him and with him, attended him in his sickness, and exercised undue influence over him, by means of which they procured the deeds to certain of his lands which are sought to be canceled and surrendered. The bill further alleged that he died seized and possessed of $3,000 in money, which these respondents had surreptitiously obtained and were withholding from the administrators of the estate. By the answer it was admitted that Absolom Dolberry made deed to each of the respondents and to certain other heirs to certain parcels of the land; that the deeds were made to the respondents for a consideration which each of them had paid, and that as to the other heirs the deeds had been delivered to respondent, to be delivered to the other heirs upon the death of the parent. It was denied that there was any undue influence, or that the old man was feeble and incapable of attending to his business. The tendency of the evidence is sufficiently stated in the opinion of the court. The chancellor denied the complainants relief on the final hearing.

VIRGIL BOULDIN, and JAMES A. BILBRO, for appellant. The confidential relations of the parties were such as to raise the presumption of undue influence and casts on the defendant the burden of removing the presumption and show that the transaction is just and fair.—*Bankcroft v. Otis*, 91 Ala. 279; *Cogbill v. Kennedy*, 119 Ala. 641; *Harraway v. Harraway*, 136 Ala. 502. The evidence does not bring the case within the rule declared in the case of *McLeod v. McLeod*, 40 South. 414.

JOHN B. TALLEY, for appellee. Subsequent declarations by the grantor cannot be looked to for the purpose of impeaching the deed.—*Adair v. Craig*, 135 Ala. 332 No principle of equity will justify relief after acquiescence upon full or clear information as to the nature and cause of the transaction.—*McLeod v. McLeod*, 137 Ala. 267. As to the burden of proof the following cases are cited.—*Noble v. Bean*, 81 Ala. 530; *Kidd v. Williams*, 132 Ala. 140; *Baptist Church v. Bullock*, 133 Ala. 548; *Jenkins v. Rice*, 12 Peters, 253; *McLeod v. McLeod*, 40 South. 414.

ANDERSON, J.—The law does not presume undue influence in the conveyance from a parent to a child from the mere act, and, in the absence of evidence other than the conveyance and the relationship, the presumption is that it was free from undue influence, upon the theory that the parent, and not the child, is the dominant party.—*McLeod v. McLeod*, 145 Ala. 269, 40 South. 414. Of course, this presumption is not conclusive, and where evidence is introduced showing that the parent has reached the state of senility and is dominated by the child, it would then be incumbent upon the child to show the fairness of the transaction and that the parent acted upon free and independent advice.

It is true, in the case at bar, the evidence shows that the grantor was a very old man at the time of his death, but the deeds were executed several years before his death, and at a time when he was under the domination of no one; the only proof on the subject being that the respondents could do more with him when he was drinking than any one else. But there was no evidence that they or any one else could control or influence him in business matters. It is true he disliked some of his children, especially his son George, and favored the respon-

dents and other children in the disposition of his property; but the evidence fails to show that the favored ones induced him to do so.   He made the conveyances of his own volition, and the weight of the evidence shows that he acquiesced therein for more than five years before his death.   In fact, the deed to Ben was placed on record several years before the grantor's death; and, while he may have controlled small portions of land, it was generally recognized as belonging to John and Ben.

The respondents were in possession of the purchase-money notes, and introduced evidence of payment, which was not overcome by complainants' evidence.  The evidence also fails to show that the respondents converted any money belonging to the estate, other than what was accounted for to the administrator.

The decree of the chancery court is in all respects affirmed.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.