(131 So. 233)

HALE et al. v. COX.

7 Div. 952.

Supreme Court of Alabama.

Dec. 4, 1930.

Hugh Reed, of Center, and Hood & Murphree, of Gadsden, for appellee.

Motley & Motley, of Gadsden, for appellants.

BROWN, J.

This appeal is from the decree of the court, entered on the verdict of a jury, rendered in the trial of an "issue out of chancery" annulling the alleged last will and testament of Johnson B. Hale, deceased. See report on former appeal, Cox v. Hale, 217 Ala. 46, 114 So. 465.

After the trial of the issue involving want of testamentary capacity and undue influence, resulting in a verdict in favor of complain-

ant, the defendant reserved a bill of exceptions, made motion to set aside the verdict and award a venire facias de novo, for errors alleged to have been committed by the court in the jury trial.

 In hearing and disposing of a motion, the court of equity sits as a court of review, and the scope of the review is fixed and limited by the grounds of the motion, which should at least be as specific as an assignment of errors on appeal, that the attention of the court may be directed to the matters alleged as error. Karter v. East et al., 220 Ala. 511, 125 So. 655.

 Grounds of the motion 3 to 8, inclusive, are not sufficiently specific, and the trial court cannot be put in error for overruling these grounds. Woodruff v. Smith, 127 Ala. 77, 28 So. 736; Williams v. Coosa Mfg. Co., 138 Ala. 673, 33 So. 1015; Nashville, Chattanooga & St. Louis Ry. v. Crosby, 194 Ala. 338, 70 So. 7; Moneagle & Co. v. Livingston, 150 Ala. 562, 43 So. 840; Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Farmers' Mutual Insurance Ass'n of Ala. v. Tankersley, 13 Ala. App. 524, 69 So. 410.

We are not of opinion that grounds 1 and 2, going to the sufficiency of the evidence to sustain the verdict, were well taken. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

 In Dulaney v. Burns, 218 Ala. 493, 119 So. 21, it was held that the court did not commit error in giving charge 1, which is identical with charge 1 refused in this case, but that is not to say that it was error to refuse it. While the charge is a quotation from the opinion of the court in Bulger v. Ross, 98 Ala. 267, 12 So. 803, and is sound in principle, it is argumentative in form, and was refused without error. Wear v. Wear, 200 Ala. 345, 76 So. 111. As was observed in the last-cited case, "It is a mistake to suppose that expressions in judicial opinions, properly there used, can [always] be made to serve as clear, succinct statements of the law in special charges to the jury." See, also, Kansas City, M. & B. R. Co. v. Matthews, 142 Ala. 298, 39 So. 207.

 We are not without sound authorities for holding that it is not error for a trial court to give a charge which states a correct proposition of law, though argumentative in form, still it is not error to refuse such charge. Hughes v. Anderson, 68 Ala. 280, 44 Am. Rep. 147; Thompson v. State, 122 Ala. 12, 26 So. 141; Rayburn's Alabama Jury Charges, 43, § 16.

 Charge 2, which asserts "that the law treats the right of testamentary disposition with great kindness; if questioned it must be on strong grounds," is argumentative, and its refusal was not error. The law recognizes that want of testamentary capacity and undue influence which thwarts the in-

tention of the testator, by substituting the will of another, are sufficient grounds for avoiding an alleged will.

 While charge 14 could have been given without error, it was not error to refuse it. The charge does not undertake to state what constitutes undue influence sufficient to avoid an alleged will, but states what is not sufficient, and is therefore argumentative, and was well refused.

 The language of charge 22, "and it may be admitted, for the sake of argument, that his mind was impaired at the time of the execution of the will," is sufficient to condemn the charge as argumentative. The principle of law which it undertakes to state was stated in charge 21, given at the request of the appellants, and was clearly stated in the court's oral charge.

 It is well settled that, in transactions between parent and child, ordinarily a relation of trust and confidence, the parent is presumed to be the dominant party, and evidence merely showing the transaction and benefit received by the child is not sufficient in itself to overcome this presumption. Dolberry v. Dolberry, 153 Ala. 434, 44 So. 1018; Neal et al. v. Neal, 155 Ala. 604, 47 So. 66; Cox v. Parker et al., 212 Ala. 35, 101 So. 657; Hawthorne et al. v. Jenkins, 182 Ala. 255, 62 So. 505, Ann. Cas. 1915D, 707; Noble's Adm'r v. Moses, 81 Ala. 530, 1 So. 217, 60 Am. Rep. 175.

 This was the proposition of charge 26, refused to the defendant, and we are not of opinion that the expression, "and hence no presumption of undue influence arises merely from the confidential relation between them," renders the charge argumentative or misleading, though the proposition of the charge would be more clearly stated without the quoted expression. This proposition was not covered by the oral charge, nor by charge 10 given for the defendant, and the court erred in refusing it.

Charges 27 and 28 are argumentative and were refused without error.

 Though the will was executed by the testator in order that he might have peace in his home, and it disposed of property contrary to his desire, yet if the will was executed in the exercise of the testator's free agency, and of his own choice, that he might have peace in his home, it was not the result of undue influence as defined in the books. Cox v. Hale et al., 217 Ala. 46, 114 So. 465. Charge C, given at the request of the complainant, was erroneously given.

Some of the charges, other than C, given for the complainant, could have been refused without error; yet we cannot affirm error in giving them.

For the errors pointed out, the court should have granted the appellants' motion. The mo-

tion will be granted here, and venire facias de novo awarded, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.