164 So. 381

### WORSHAM et al. v. JOHNSON.

8 Div. 614.

Supreme Court of Alabama.

Nov. 29, 1935.

Bradshaw & Barnett, of Florence, and Kirk & Rather, of Tuscumbia, for appellants.

266

John E. Deloney, Jr., of Tuscumbia, for appellee.

GARDNER, Justice.

The bill seeks the cancellation of a deed executed by complainant to defendants, who were her sons, conveying certain real estate therein described, and from a decree of cancellation defendants prosecute this appeal.

We think the bill is properly to be interpreted as one seeking relief on the ground of undue influence, and sufficient for that purpose as against any assignments of demurrer interposed thereto. Pilcher v. Surles, 202 Ala. 643, 81 So. 585; Alexander v. Gibson, 176 Ala. 258, 57 So. 760.

The relationship of parent and child is confidential (McLeod v. McLeod, 145 Ala. 269, 40 So. 414, 117 Am.St.Rep. 41; Dolberry v. Dolberry, 153 Ala. 434, 44 So. 1018), and so likewise that of principal

and agent. Waddell **v.** Lanier, 62 Ala. 347.

While presumably the parent is the dominant party (McLeod v. McLeod, supra), yet it may be shown by the proof that the reverse is the case, and the child the dominant spirit (Couch v. Couch, 148 Ala. 332, 42 So. 624), and this being made to appear in considering a conveyance by the parent to the child, the burden rests upon the latter to repel the presumption of the exercise of undue influence by clear and convincing proof that he acted in good faith, and took no advantage of the parent. Couch v. Couch, supra.

Since the passage of the General Acts of 1915 (page 594), it has been the policy of this court not to enter into any **analysis** or discussion of the evidence in detail. Pilcher v. Surles, supra. We therefore rest content with a general reference to the proof and a statement of our conclusion thereon.

Complainant, at the time about sixty-six years of age, was frail and had been in bad health for a number of years. More important, however, is the evident fact that her education was most limited, and her ignorance as to any matter of business, and incapacity to fully understand any business transaction without due explanation, are quite apparent. The three boys, ranging between the ages of thirty to forty years, appear to have been reasonably successful, but the son Gordon is described as a good business man, and was evidently the superior of the others. Complainant had much confidence in him. He acted as her agent, looked after her affairs, both before and after her appointment as administratrix of her husband's estate. She had implicit ·confidence in him, and the. evidence indicates would follow his advice in all matters.

We conclude, without further discussion, that the proof very clearly shows his was the dominant mind, and she decidedly the weaker. Pilcher v. Surles, supra; Couch v. Couch, supra.

The burden was upon defendants, therefore, to show their good faith, and that no advantage was taken. The three sons brought complainant nearly forty miles to Florence for the execution of the deed in an attorney's office. The attorney was absent, but the notary who took the acknowledgment testifies to reading the deed and complainant's assent thereto. The re-cited consideration was $3,400. Nothing was paid, and it seems these sons took the deed, and afterwards had it placed on record. That it was an improvident transaction appears clear to our minds, and needs no discussion. Complainant had no independent advice, nor is there other proof offered tending to show complainant fully understood the purport of the transaction, and that it represented her own voluntary act. Cooley v. Stringfellow, 164 Ala. 460, 51 So. 321; Mullen v. Johnson, 157 Ala. 262, 47 So. 584.

Defendants in their proof (the answer filed was but a general denial of the bill's averments) insist that the consideration was the aid they gave complainant in acquiring the title to the estate property at a public sale for division forced on complainant by her four married daughters.

We are persuaded that the entire matter was handled throughout by complainant's son Gordon, and that she really understood little about it. He admits that of the purchase price either of her individual money or that of the estate, she furnished $2,800. Complainant thought she furnished the full amount; and while defendants indicate she was to have reserved a life estate, there was no such reservation in the deed. But we pursue the discussion no further. Suffice it to say that, in our opinion, defendants have failed to carry the burden of proof resting upon them, and that the chancellor correctly ruled in canceling the conveyance.

It is suggested in brief that relief should be conditioned upon a restoration of what complainant received, a principle of equity based upon the doctrine that he who seeks equity must do equity. 9 Corpus Juris 1209. But there is nothing in the pleading indicating· such an issue, nor anything otherwise in the record giving notice of such an insistence. Clear it is, if anything was contributed by defendants, it was merely a contribution on their part to carry out what we conclude was the plan of these defendants to ultimately secure the property for themselves, and that complainant was in reality unaware of how the matter was being handled. From the bill's averments, no matter of restoration was involved. .The answer gave no indication of any matter of restitution, but was a general denial only.

Under our decisions, therefore, this question was not an issue in the cause

(Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Mitchell v. Baldwin, 154 Ala. 346, 45 So. 715), and one which the chancellor was not required to consider.

It results as our conclusion that the decree is free from error, and should be here affirmed.

Affirmed.

BOULDIN, BROWN, and FOSTER, JJ., concur.