40 So.2d 94

**CRUMP v. CRUMP et al.**

**6 Div. 832.**

Supreme Court of Alabama.

April 14, 1949.

Fite and Fite, of Hamilton, Young & Young, of Vernon, and Arthur Fite and Arthur Fite, Jr., both of Jasper, for appellant.

R. G. Redden, of Vernon, and Chas. R. Wiggins, of Jasper, for appellees.

SIMPSON, Justice.

John Howard Crump, seventy-eight years of age, on the eve or day of his second marriage to a widow of his choice, was persuaded by his children, the appellees here, to convey his real estate to them, reserving to himself "the timber and mineral rights and the right of occupancy of said property during the balance of [his] natural life." The consideration was $5 and love and affection and after the execution of the deeds he relented of his purpose and action and sought to repossess said deeds, but they had already been recorded, so a few days later, and after his marriage, he filed the instant suit. From an adverse decree he has appealed to this court.

In view of certain facts adduced and some argument pertaining thereto, it is deemed proper to first state what this case is not. It is not one where the grantor

seeks a cancellation of deeds for fraud in their procurement, where different rules control, 7 Alabama Digest, Deeds, ☞ 211 [3], nor one where the wife seeks in equity to have set aside an ante-nuptial transfer, in contemplation of marriage, of her husband's property as in fraud of her marital rights, as considered in such authorities as Kelly v. McGrath, 70 Ala. 75, 45 Am.Rep. 75; Anderson v. Lewter, 232 Ala. 375, 168 So. 171, and cases cited; and 41 C.J.S., Husband and Wife, § 20(b), page 419.

 This suit is aimed strictly at cancelling the delivered deeds on the ground of undue influence allegedly exerted by the children to procure their execution and to succeed it must be clear that the influence was so coercive as to destroy the grantor's free agency so that the act could not be resisted, as contradistinguished from influence of affection, or attachment, or the desire to gratify their wishes. Leeper Ex'r etc. v. Taylor, 47 Ala. 221, 222.

The rule is conceded that a donation from parent to child will not of itself raise a presumption of undue influence, since presumably the parent is the dominant party, but when it is shown that the natural order had been reversed and the child, the donee, had become and was the dominating personality and the parent subservient to the will of the child, then the presumption is reversed and it is incumbent upon the child to establish the fairness of the gift. Gibbons v. Gibbons, 205 Ala. 636, 88 So. 833; Grubbs v. Hawkins, 208 Ala. 349, 94 So. 484; Worsham v. Johnson, 231 Ala. 265, 164 So. 381; Kahalley v. Kahalley, 248 Ala. 624, 28 So.2d 792(10). And the argument is advanced for a reversal of the decree of the lower court that the evidence did indicate the subservience of the appellant to the will of his children and that the evidence failed to rebut the presumption of undue influence and to establish the fairness of the transaction.

Since the issue raised by the appeal presents solely a question of fact, we will pursue the policy of refraining from a detailed discussion of the evidence, as it would not add anything to the established law or serve any useful purpose. Under-

wood v. Underwood, 200 Ala. 690, 77 So. 233; Pilcher v. Surles, 202 Ala. 643, 648, 81 So. 585.

We have, however, accorded the record our attentive and studious consideration and are in no wise convinced that the finding against the contention of appellant was contrary to the great weight of the evidence, but think it affords a rational support in such finding. There was a clear tendency in the evidence to establish that though appellant was a man of considerable age, yet he was in vigorous health, strong of purpose and alert both mentally and physically and, though having been persuaded by his children and mutual friends to do so, he executed the deeds freely and voluntarily and with full cognizance of their true import. This conclusion of the trial court, who saw and heard the witnesses and who was better advantaged than we in arriving at a just conclusion on the facts, is likened unto the verdict of a jury and unless opposed to the great weight of the evidence will be sustained on appeal. Cook v. Taylor, 235 Ala. 63(1), 177 So. 344; Grubbs v. Hawkins, supra, 208 Ala. 349, 351(7), 94 So. 484.

So considered, the decree is affirmed.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.