49 So.2d 151

### DILLARD et al. v. HOVATER et al.

8 Div. 544.

Supreme Court of Alabama.

Oct. 19, 1950.

Rehearing Denied Dec. 14, 1950.

T. K. Selman and R. L. Newton, of Jasper, for appellants.

Guin & Guin, of Russellville, for appellees.

**LAWSON, Justice.**

This case has been here before on an appeal by the complainants from an adverse decree of the circuit court of Franklin County, in equity. We reversed and remanded for further proceedings, with leave to complainants to amend. Dillard et al. v. Hovater et al., 252 Ala. 62, 39 So.2d 386.

After remandment, complainants amended their bill so as to make it one to cancel three deeds on the sole ground of undue influence and to have the lands covered by the deeds sold for division among the complainants and respondents who, the bill alleges, are the alleged joint owners and tenants in common of the property.

Any right to have the lands sold for division depended upon a decree cancelling the deeds, for unless the deeds are invalidated neither the complainants nor any of the respondents except the respondent who is the grantee in the deeds have any legal interest in the property.

The trial court refused to cancel the deeds and from that decree the complainants have appealed to this court.

J. F. Dillard, late a citizen of Franklin County, died intestate in that county on or about December 27, 1943, at the age of eighty-two years. He left surviving him three sons and four daughters. His wife predeceased him by more than twenty years. She died November 26, 1922.

On December 29, 1936, J. F. Dillard executed a deed to his daughter, Mamie Dillard, conveying to the latter the home place, in Russellville, consisting of approximately seven and two-fifths acres, upon which was located the family dwelling and four or five small houses which were rented out. This deed was recorded in the office of the judge of probate of Franklin County on January 5, 1937.

On July 20, 1937, J. F. Dillard executed another deed to his daughter Mamie conveying to her four unimproved lots in the town of Russellville. This deed was recorded on November 29, 1943.

J. F. Dillard executed another deed to his daughter Mamie conveying to her approximately 260 acres of land in Colbert County. This deed was executed on October 5, 1938, and recorded August 20, 1940.

On January 21, 1944, within a very short time after the death of J. F. Dillard, this bill was filed to cancel the three deeds. It was filed by four of the surviving children against the other three. The complainants were Walter Dillard, Lela Dillard Byrd, Myrtle Dillard Nix, and Mattie Dillard Byrd. The respondents were Mamie Dillard Hovater, the grantee in the aforementioned deeds, Charles F. Dillard, and William Harrison Dillard. After the bill was filed the complainant Mattie Dillard Byrd died and as to her interest there has been a revivor. Mamie Dillard, the grantee in the deeds, was married to Roe Hovater on January 10, 1942.

The complainants in the court below seek to invoke the doctrine that in transactions *inter vivos,* where the parties stand in confidential relations, and the grantee, who is the beneficiary, is the dominant spirit in the transaction, the law raises the presumption of undue influence and casts upon the opposite party the burden of repelling such presumption by satisfactory evidence whenever the transaction is assailed. McLeod et al. v. McLeod, 145 Ala. 269, 40 So. 414.

The relationship of parent and child is confidential. Worsham v. Johnson, 231 Ala. 265, 164 So. 381; Gibbons et al. v. Gibbons, 205 Ala. 636, 88 So. 833; Tipton et al. v. Tipton, 249 Ala. 537, 32 So.2d 32.

But it is presumed, prima facie, that in all transactions between them the parent is the dominant party. Wells v. Wells, 252 Ala. 390, 41 So.2d 564; Crump

v. Crump et al., 252 Ala. 164, 40 So.2d 94; Shorter et al. v. Shorter, 250 Ala. 628, 35 So.2d 514; Tipton et al. v. Tipton, supra. Hence, the mere fact of a donation from a parent to child does not of itself raise a presumption of undue influence. Crump v. Crump et al., supra. On the contrary, the presumption is that such a transaction is free from undue influence. Tipton et al. v. Tipton, supra; Dolberry v. Dolberry, 153 Ala. 434, 44 So. 1018.

■ But the presumption that a transaction wherein there is a donation from parent to child is free from undue influence is not conclusive. When it is shown that the natural order had been reversed and the child, the donee, had become and was the dominating personality and the parent subservient to the will of the child, then the presumption is reversed and it is incumbent upon the child to establish the fairness of the gift. Crump v. Crump et al., supra, and cases cited. But the burden is upon those seeking to invalidate such a transaction to reasonably satisfy the court that time and circumstances have reversed the order of nature, so that the dominion of the parent has not merely ceased, but has been displaced by subservience to the child. Hawthorne et al. v. Jenkins et al., 182 Ala. 255, 62 So. 505; Hassell v. Hassell, 201 Ala. 190, 77 So. 716.

The argument is advanced for a reversal of the decree of the lower court that complainants did meet the burden of showing the subservience of ·J. F. Dillard to his daughter, Mamie, the grantee in the deeds, and that the evidence on behalf of respondents failed to rebut the presumption of undue influence thereby raised and to establish the fairness of the transactions.

■ The determination of the question as to who was the dominant party, in cases of this kind, depends upon the facts and circumstances of each particular case. No general rule can be laid down. Keeble v. Underwood, 193 Ala. 582, 69 So. 473.

■ Submission was had upon testimony taken orally before the register and not before the court rendering the decree. When cases are thus tried in the lower court, it is our duty to sit in judgment upon the evidence. Floyd v. Green, 238 Ala. 42, 188 So. 867; Tipton et al. v. Tipton, supra.

We have sifted the immense volume of evidence with patient care, and considered it in the light of the arguments presented in the briefs of counsel. But since the issue raised by the appeal presents solely a question of fact, we will pursue the policy of refraining from a detailed discussion of the evidence, as it would not add anything to the established law or serve any useful purpose.

We can only summarize our conclusion as follows:

(1) Grantor, though advanced in years and subject to the ordinary infirmities of body and mind, was above the average in intelligence and will power at the time the deeds were executed, considering his age.

(2) The evidence falls far short of reasonably satisfying us that grantor was under the moral dominion of the grantee, his daughter Mamie, prior to or at the time of the execution of the conveyances.

(3) We think the evidence not only shows that he made the conveyances of his own volition, but that he acquiesced therein for several years prior to his death, despite the protestations of the complainants, or at least some of them, who were familiar with the fact that the deeds had been executed.

(4) There is nothing in the evidence that indicates in any way that the grantee conceived or inspired the idea of the conveyances and it is admitted that she was not present when any of them were executed.

(5) The evidence shows that he told several of his friends and cronies of his intention to make the conveyances because Mamie had been so attentive to his personal needs, and had no home or husband to care for her.

(6) His affection for Mamie, his long residence with her after the death of his wife and after all the other children had left and become established in homes and pursuits of their own; his appreciation of the fact that she had remained unmarried and had remained in his house and cared

for his wifeless home and for his person as a devoted daughter might—all furnish a solid basis in fact for his predilection in her favor.

We think the following excerpt from the opinion in Hawthorne et al. v. Jenkins et al., supra, is applicable to this case: "Everything tends to show that he was not in the least degree subject to their influence, and that they never attempted to influence him. Complainants have wholly failed to show that age, physical infirmity, sickness, or mental distress had robbed him of his moral dominion over his family, or rendered him subservient to their sway, and these factors alone raise no presumption of so radical a metamorphosis, in the absence of satisfactory proof of mental infirmity also. 17 Ann.Cas. note 991. And neither do the facts of a common residence and the exclusion of other children from the grantor's bounty or favor. (Id.)" 182 Ala. 263, 62 So. 507.

On the whole, we find it impossible to rationally conclude that the transactions here attacked were other than the unaided results of the grantor's free volition and choice—this wholly apart from any question of the adequacy of the consideration in a strict legal sense. Such acts must be upheld by the courts, though they may have the appearance of unwisdom and inequality.

The decree of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.