60 So.2d 821

**LEETH v. PERRY et al.**

7 Div. 139.

Supreme Court of Alabama.

Oct. 16, 1952.

688

C. A. Wolfes, Fort Payne, for appellees.

John W. Brown, Boaz, for appellant.

STAKELY, Justice.

This litigation began with a bill in equity filed by E. L. Leeth, Grace Leeth and Jessie Mae Hallmark against Bertie Perry, Theo Orr and Truman Broadwell for a sale for division of certain lands aggregating about 37.75 acres situated in DeKalb County, Alabama. According to the allegations of the bill each of the foregoing parties own an undivided ⅛th interest in the lands. The respondents filed an answer denying that the complainants with the respondents jointly owned the real estate described in the bill. On the contrary it is alleged in the answer that the respondents Bertie Perry and Theo Orr are the owners of the real estate under and by virtue of a deed executed to them by Mrs. Maggie C. Orr under date of July 17, 1948. Copy of the deed is attached to the answer, made an exhibit thereto and a part thereof.

Thereafter Grace Leeth, one of the complainants in the original suit and a daughter of Mrs. Maggie Orr, filed a bill in equity against Bertie Perry and Theo Orr to set aside the aforesaid deed on the ground that Mrs. Maggie Orr was mentally incompetent to execute the deed at the time she signed the same and that the execution of the deed was procured by fraud or undue influence exercised by Bertie Perry.

The foregoing cases were consolidated by order of the court and tried together orally before the court. The court entered two final decrees. In one decree the validity of the deed was upheld and in the other decree it was held that the complainants had no such interest in the real estate as would entitle them or either of them to maintain a bill for sale for division. The bill to sell for division was accordingly dismissed by order of the court.

The appeal here is from the decree upholding the validity of the aforesaid deed and the assignments of error are based on the rulings of the court in that decree.

On July 17, 1948, Mrs. Maggie C. Orr, widow of J. E. Orr, deceased, executed and delivered a deed to about 37.75 acres in DeKalb County, Alabama, to Bertie Perry and Theo Orr. The grantees are two of her daughters and it appears to be undisputed that Theo Orr is a person of weak if not unsound mind. It was provided in the deed that Grace Orr Leeth shall have a home on the premises so long as she remains apart from her husband Marvin Leeth and so long as she pays to the grantor "customary rents for the support of her and her daughter Theo Orr." And in the event of any default in such payment, it is stipulated that the provisions with reference to Grace Orr Leeth shall become null and void and the grantees in the deed shall take full possession of the lands and the buildings thereon. Tendencies of the evidence show that it was the idea of Mrs. Maggie Orr, who died, intestate, in February 1949, prior to the present litigation, to provide so far as she could for the maintenance and support of her afflicted daughter Theo Orr. It is obvious that if the deed is valid, then the land embraced therein would not pass by inheritance to the heirs of Mrs. Maggie Orr upon her death.

The issues made by the bill to set aside the deed present questions of fact. The evidence has been carefully considered and we see no reason to enter upon a detailed discussion of the evidence. Crump v. Crump, 252 Ala. 164, 40 So.2d 94. It appears to be conceded that there was no proof of mental incapacity and that issue is not presented here.

On the issue of undue influence we agree with the trial court that the "deed was not executed as a result of any fraud or undue influence exercised by either of the respondents or by any one else." The mere fact that a deed is made by a parent to a child does not of itself raise a presumption of undue influence. On the contrary the presumption is that such a transaction is free from undue influence unless it be shown that the natural order has been reversed and the child has become the dominant personality as between child and parent. Dillard v. Hovater, 254 Ala. 616, 49 So.2d 151. "The influence which suffices for the avoidance of a conveyance cannot proceed alone from sympathy or affection for the grantee, but is such as dominates the grantor's will, and coerces it to serve the will of another in the act of conveying." Adair v. Craig, 135 Ala. 332, 33 So. 902, 903; Stroup v. Austin, 180 Ala. 240, 60 So. 879; Crump v. Crump, supra. Undue influence to render a deed void must deprive the grantor of his free agency. Noel v. Noel, 229 Ala. 20, 155 So. 362.

As has been observed, the court had the benefit of hearing the witnesses testify orally before it. We cannot say that the ruling of the court was palpably wrong and, accordingly, we will not disturb the ruling. Sills v. Sills, 246 Ala. 165, 19 So.2d 521; Penny v. Penny, 247 Ala. 434, 24 So.2d 912. The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.