87 So.2d 835

### J. L. PITTS

v.

### Myrtle Pitts HAWKINS et al.

#### 6 Div. 832.

Supreme Court of Alabama.

May 10, 1956.

Rehearing Denied June 14, 1956.

Robt. A. Sapp, Cullman, for appellant.

Marvin H. Galin, Cullman, for appellees.

SIMPSON, Justice.

Myrtle Hawkins et al., the appellees, brought a bill in equity seeking a rescission of a conveyance made by their father W. E. Pitts, now deceased, to the appellant J. L. Pitts, another child. The grounds for rescission were the unsoundness of the grantor's mind on the date of the execution of the deed and the exercise of undue influence by grantee J. L. Pitts over the grantor W. E. Pitts. From the final decree of the lower court setting aside the conveyance and, as prayed for in the bill, ordering a sale of the property for a division of proceeds, the respondent J. L. Pitts has appealed.

■ The relation of parent and child is per se a confidential one and while it is ' presumed prima facie that in all transactions between them the parent is the dominant party and the transactions are free from undue influence, where it is shown that the natural order has been reversed and the child had become and was the dominating personality and the parent subservient to the will of the child, then the burden is shifted to the child to establish that the transaction was fair, just and equitable and that the parent acted upon independent advice and to repel the presumption of undue influence by clear and convincing proof that he acted in good faith and took no advantage of the parent. Hawthorne v. Jenkins, 1913, 182 Ala. 255, 62 So. 505; Gibbons v. Gibbons, 1921, 205 Ala. 636, 88 So. 833; Raney v. Raney, 1927, 216 Ala. 30, 112 So. 313; Worsham v. Johnson, 1935, 231 Ala. 265, 164 So. 381; Tipton v. Tipton, 1947, 249 Ala. 537, 32 So.2d 32; Lee v. Menefield, 1947, 249 Ala. 407, 31 So.2d 581; Crump v. Crump, 1949, 252 Ala. 164, 40 So.2d 94; Decker v. Decker, 1950, 253 Ala. 345, 44 So.2d 435; Dillard v. Hovater, 1950, 254 Ala. 616, 49 So.2d 151; 3 Pomeroy, Eq. Jur. 5th Ed., § 962a.

■■ The determination of the question as to who was the dominant party depends on the facts and circumstances of each particular case. Dillard v. Hovater, supra. The law does not and cannot define the unnumbered conditions that may bring this about. Raney v. Raney, supra. Some of the factors which have been considered by the courts as rebutting the presumption that the parent is the dominant party and free from undue influence are: Where the parent is aged, senile, or in bad health; or in a state of impaired mentality; or where the parent comes to lean upon the child for counsel, leadership, the conduct of his affairs, and the making of a home. See Raney v. Raney, supra; Decker v. Decker, supra; Tipton v. Tipton, supra; 3 Pomeroy, Eq. Jur. 5th Ed., § 962a; 16 Am.Jur., Deeds, § 38. And in the case of a conveyance of all of one's property where the grantor is aged and feeble, only slight evidence of undue influence is necessary to rescind the deed; this is especially true when the grantor is mentally weak or the consideration is grossly inadequate. 17 Am. Jur., Duress and Undue Influence, § 43.

■ In the case at bar, there was evidence, although disputed, going to show that the grantor was the father of complainants and respondent and by the execution of this deed he conveyed all of his property to this one child, appellant, to the exclusion of the others, appellees—and no ill feeling existing between them. The date of the conveyance was January 26, 1953, at which time the grantor was about eighty-one years of age. The deed was not recorded until February 4, 1954—a few days after his death. After suffering a stroke and after the death of his wife in 1950, the grantor was grieved, in bad health, and unable to walk about without the use of two sticks. He was feeble in mind and body; he failed upon occasions to recognize some of his children and friends whom he had known for years, and, at times, he talked irrationally. It appears that the grantor trusted the respondent who rented from the grantor a portion of the property involved and operated thereon a farm. The respondent kept the grantor's money in a trunk and dispensed some of it to him from time to time. The grantor, after the death of his wife, made his home with his various children free of any charge; at the date of the execution of the conveyance the evidence is in dispute as to the child with whom the grantor was living, the grantee-respondent's evidence showing that the grantor lived with him. It appears also that while the grantor wanted to sell certain timber in 1951 or 1952, as a result of the respondent's influence, he did not do so. The above evidence and other not necessary to detail justified the inference that time and circumstances had reversed the order of nature and the child, J. L. Pitts, had become and was the dominating personality when the deed was executed. The burden therefore shifted to the grantee to show that the transaction was fair, just and equitable in every respect and that his father acted on independent advice.

The evidence shows that on many occasions both before and after the convey-

ance, the grantor said that he wanted his property divided equally among all his children. None of the grantor's other children knew anything about the deed until after their father's death, and as heretofore pointed out, the deed was not recorded until after the death of the grantor. It appears also that the grantor exercised acts of ownership over the property after the date of the conveyance. While it is undisputed that the grantor could write his own name, the deed was signed by mark of the grantor. The deed is largely typewritten and bears evidence that it was written by a skillful scrivener. And while the grantee denies that he procured the drafting of the deed, there is no evidence as to whom the grantor had employed—if so—to draft the deed. The evidence does show, however, that the grantor was old and infirm and had no means of conveyance, and when the deed was executed the grantee drove the grantor in his automobile to Arab, a distance of fourteen to fifteen miles, where it was executed.

██ The property in question was valued at $2,500 to $4,000 by the complainants. The grantee sought to show that the consideration for the conveyance was $1,800 and support of the grantor for the balance of his life. The grantee contended that $1,500 of said consideration was for an amount owed by the grantor to the grantee prior to the date of the conveyance. To support this claim appellant introduced a memorandum book containing various items and their dates evidencing the loan of money from 1935–1948. The evidence shows there was really no need for the grantor to borrow the money and the lower court regarded this memorandum book with grave suspicion due to erasures and divers other circumstances. The memorandum book itself is not before this court, consequently the trial court's conclusions thereon will be accepted. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.

██ With respect to the other part of the consideration, the grantee contended that he paid $300 in cash to the grantor on the date of the execution of the deed. A note from the grantee to one Boyd Cox in

that amount to support the claim of his payment of the $300 and bearing the date of the deed was introduced. We entertain the view that there was a fair inference to support the conclusion of the trial court that the note had the appearance of recent manufacture and thus detracting from the idea that the $300 formed any part of the consideration.

██ Upon the whole evidence, much of which we have refrained from setting out, we cannot say with any degree of certainty that the trial court was palpably wrong in concluding that the grantee failed to discharge the burden of showing that the transaction was fair, just and equitable. The court's conclusions on the evidence, therefore, being heard ore tenus will not be disturbed. Crump v. Crump, 1949, 252 Ala. 164, 40 So.2d 94; Cornelius v. Walker, 248 Ala. 154, 27 So.2d 17.

██ Numerous of the fifty-nine assignments of error take the point that the trial court cited and applied incorrect principles of law in the decree. "If the decree correctly determined the equities of the case, the reasons upon which the trial court proceeded are unimportant and the case will be affirmed. * * *. A correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor." Cherokee County v. Cunningham, 1953, 260 Ala. 1, 68 So.2d 507. To canvass, therefore, the correctness, vel non, of all the authorities cited and quoted in the decree is unnecessary, it satisfactorily appearing that the court's finding on the issue was not palpably wrong.

██ The argument is also advanced that the court erred in overruling appellant's demurrer to the bill because the bill failed to show with sufficient clearness the title of the complainants to the suit property. The contention is untenable. The bill shows that the grantor, W. E. Pitts, died intestate, that complainants and respondent constituted all the surviving heirs at law of the deceased grantor, each owning an undivided one-seventh interest in the property and that their father, the said W. E. Pitts, was aged, infirm and

senile, etc. These allegations sufficiently show the interest of the complainants in the property. After the death of a person who was a party to a conveyance and who had a cause of action for cancellation, the proper parties plaintiff are his heirs. 12 C.J.S. Cancellation of Instruments, § 53; McAdory v. Jones, 1954, 260 Ala. 547, 71 So.2d 526; 9 Am.Jur., Cancellation of Instruments, § 10.

The bill, therefore, was not demurrable on the foregoing alleged ground and that ground being the only one sufficiently argued to invite a review all other grounds will be treated as waived. Morgan Plan Co. v. Bruce, 262 Ala. 314, 78 So.2d 650.

No issue of restoration of consideration is presented so discussion of the principles relevant to that question will of consequence be pretermitted. Worsham v. Johnson, 231 Ala. 265, 164 So. 381.

We are constrained to hold that no reversible error is shown.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.