116 So.2d 562

### F. M. BULLARD
v.
### Troy WILLIAMS.
8 Div. 997.

Supreme Court of Alabama.

Dec. 17, 1959.

Lusk & Lusk, Guntersville, for appellant.

Clark E. Johnson, Jr., Albertville, for appellee.

LAWSON, Justice.

The only question presented by the argued assignment of error is upon the existence vel non of the partnership between the parties as charged in the bill.

The trial court granted the complainant, Troy Williams, relief as against the respondent, F. M. Bullard, holding that a partnership did exist between Williams and Bullard.

We have accorded the record our attention and have given careful consideration to the relevant, material, competent and legal evidence, as is our duty under the terms of Act No. 101, approved June 8, 1943, General Acts 1943, p. 105. § 372(1), Title 7, Pocket Part, Code 1940.

Since the issue raised by the appeal presents only a question of fact, we will pursue the policy of refraining from a detailed discussion of the evidence, as it would not add anything to the established law or serve any useful purpose. Crump v. Crump, 252 Ala. 164, 40 So.2d 94, and cases cited.

The complainant testified that he and respondent entered into a verbal partnership agreement to engage in the business of selling used cars. He said they agreed to share equally the losses and the profits.

Respondent denied that he entered a partnership agreement with complainant.

He stated that he loaned money to complainant and rented him a garage wherein complainant carried on his own business.

There is very little testimony in the record, aside from that of the parties, which sheds light on the question at hand. However, a consideration of the evidence which does have a bearing on the question, when considered in connection with complainant's testimony, which stands unimpeached, leads us to the conclusion that the relationship existing between complainant and respondent was that of partners.

Testimony was adduced which reflects upon the credibility of respondent's testimony.

We accept complainant's version of the relationship.

The decree of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.