ADAMS, Justice.
This is an appeal from a judgment upholding the validity of a thirty-year lease. The lease was challenged in the Circuit Court of Jefferson County, Bessemer Division, on the grounds that the lessor had been incompetent at the time of the execution of the lease and that the lessee had exerted undue influence over him. The sole issue raised by the appellant is whether the trial court erred in refusing to cancel the lease. The trial court, on hearing the case ore tenas, found that the lessor had been competent at the time of execution of the lease and that there had been no undue influence exerted. The court, therefore, held that the lease was valid, only shortening its duration to twenty years in accordance with Code 1975, § 35 — 4-6, which states in part:
Leases for more than 20 years shall be void for the excess over said period unless acknowledged or approved as required by law in conveyances of real estate and recorded within one year after execution in the office of the judge of probate in the county in which the property leased is situated.
On reviewing the evidence and the entire record of this case, we affirm the trial court’s decision.
The facts of the case appear as follows: B. M. McElroy (“McElroy”), an eighty-year-old retired businessman, leased a five room house to George T. Fritz (“Fritz”), a much younger man, in 1973. The lease called for payment by the lessee of $20.00 per month, and was for a term of seven years. On June 1, 1977, the parties entered into another lease involving the same house. This was a thirty-year lease at $40.00 per month rent. The lease had a clause allowing for renegotiation of the rent in case of “sickness or unemployment,” but no allowance for upward adjustment of the rent. Testimony indicated that the house and land covered under the lease were valued in 1977 at approximately $70,500.00. McElroy died March 18, 1978. His death certificate showed the immediate cause of death to be “(a) Cardio-Respiratory Arrest (b) Probable C. Y. A. due to, or as a consequence of (c) Severe Atherosclerosis.” McElroy’s son and sole heir, William L. McElroy, filed this suit against Fritz to have the lease cancelled.
“[T]he factual findings of a trial court sitting ore tenas may not be disturbed unless the findings are palpably erroneous and without supporting evidence.” Dalrymple v. White, 402 So.2d 968 (Ala.1981); Gertz v. Allen, 376 So.2d 695 (Ala.1979). “[T]he trial court having tried the case ore ten us, this *31 court will indulge all favorable presumptions to sustain that court’s conclusion and it will be disturbed on appeal only if shown to be plainly erroneous or manifestly unjust.” Roberts v. Peoples Bank and Trust Company of Sylacauga, 410 So.2d 393 (Ala.1982), at 395.
Evidence in the case before us indicates that McElroy had always been very strong-willed and hard to get along with, and that he did not like his family. It was disputed as to whether these characteristics became worse after he underwent a pacemaker implantation in August, 1976. The medical testimony regarding possible mental deterioration as a result of McElroy’s physical problems was based on hypothetical questions posed to a psychiatrist who had never met McElroy. There was conflicting evidence as to alleged incidents of “confusion” on the part of McElroy at various times during the last year of his life. There was testimony regarding a longstanding friendship between McElroy and Fritz, but none of undue influence, which is “so coercive as to destroy the grantor’s free agency so that the act could not be resisted,” as distinguished from “influence of affection, or attachment, or the desire to satisfy [the do-nee’s] wishes.” Crump v. Crump, 252 Ala. 164, at 165, 40 So.2d 94 (1949). See Terry v. Terry, 336 So.2d 159 (Ala.1976).
Uncontroverted evidence showed that McElroy prepared the lease himself, and while certain aspects of it may have been disadvantageous to him, it was quite detailed in its subject matter, describing the various parcels of land to be included, reserving timber rights, and requiring Fritz to keep a certain portion of the land cleared.
In viewing the whole of the evidence, and considering that the trial judge was in a position to observe the witnesses and judge the weight and credibility of their testimony, we find that there was ample evidence on which to base the trial court’s findings that McElroy was competent at the time of the execution of the lease, that there was no undue influence, and that the lease was valid. The trial court’s judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.